

Catherine Gardner
Claims Consultant
PO Box 8317
Chicago, IL 60606-8317
(503) 431-3078
catherine.gardner@cna.com

SENT VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED AND ELECTRONIC MAIL

July 1, 2020

Neil D. Greenstein
TechMark Greenstein Law, P.C.
1751 Pinnacle Drive, Suite 1000
Tysons, VA  22102

| | |
|---|---|
| RE: Claim Ref. No.: | E2F61789 |
| Insured: | Hurricane Electric, LLC |
| Claimants: | Millennium Funding, Inc., et al. |
| Policy No.: | 5091119138 (Primary) |
| Policy Period: | 1/24/13-1/24/14 |
| Insurer: | National Fire Insurance Company of Hartford |
| Policy Period: | 1/24/14-1/24/15 |
| | 1/24/15-1/24/16 |
| Insurer: | Valley Forge Insurance Company |
| Policy Period: | 1/24/17-1/24/18 (renewed annually through 1/24/20-3/1/20) |
| Insurer: | National Fire Insurance Company of Hartford |
| Policy No.: | 5091119124 (Umbrella) |
| Policy Period: | 1/24/13-1/24/14 |
| Insurer: | National Fire Insurance Company of Hartford |
| Policy Period: | 1/24/14-1/24/15 (renewed annually through 1/24/17-1/24/18) |
| Insurer: | Valley Forge Insurance Company |
| Policy No.: | 5091119124 (Excess/Umbrella) |
| Policy Period: | 1/24/18-1/24/19 (renewed annually through 1/24/20-3/1/20) |
| Insurer: | Continental Insurance Company |

Dear Mr. Greenstein:

You have notified National Fire Insurance Company of Hartford ("National Fire"), Valley Forge Insurance Company ("Valley Forge"), and Continental Insurance Company ("Continental Insurance") (collectively, the "CNA Insurers") of a claim brought by Millennium Funding, Inc., et al.  ("MFI") (the "MFI Claim"). You have submitted the

1



matter in connection with the commercial general liability, umbrella, and excess/umbrella policies issued by the CNA Insurers to Hurricane Electric, LLC from January 24, 2013 through March 1, 2020.

The CNA Insurers are denying coverage for the MFI Claim as the allegations in the MFI Claim fall outside the commercial general liability, umbrella, and excess/umbrella policies' scope of coverage. In addition, there is no duty to defend, because no "suit" has been filed. If you have any additional information you would like us to consider, please forward it to us at your earliest convenience. The CNA Insurers reserve the right to supplement, amend or change their coverage position based on any additional information received.

**I. MFI Claim**

The following summarizes the allegations asserted against Hurricane Electric, LLC ("HE") in the MFI Claim. The CNA Insurers recognize that the MFI Claim's allegations are unsubstantiated and nothing in this letter should be construed to suggest they have any legal or factual merit.

In Kerry S. Culpepper, Esq.'s ("Culpepper", or "Claimant Counsel") May 1, 2020 and May 20, 2020 correspondence to you, Culpepper claims to represent some 39 clients for alleged direct and contributory copyright infringement against HE which occurred on over 2300 IP addresses. Culpepper claims that HE account holders directly infringed and continue to infringe his clients' exclusive rights of at least reproductions and distribution. HE allegedly contributes to these infringements by continuing to provide Internet service to these account holders despite the Infringement Notices ("Notices") sent to HE by his clients' agents.

In your June 15, 2020 response to Culpepper, you advised that "HE is an Online Service Provider ('OSP') and does not 'Host,' have access to or have control over the content provided by its customers/subscribers. HE simply acts as a 'highway' and provides subscribers with internet access…HE provides network access to ISPs (Internet Service Providers)- who typically use that connection to provide service to hundreds or thousands of third-party subscribers."

Culpepper demands that HE cease and desist its alleged infringing activity, and terminate the account[s]; agree to take appropriate action on further notices; and pay a portion of the damages.

**II. The Primary Policies**

National Fire and Valley Forge issued policy number 5091119138 to Hurricane Electric, LLC for annual, successive policy periods from January 24, 2013 through March 1, 2020 as outlined above. The 2013-2014 Primary Policy incorporates the Commercial General Liability policy form CG0001 12/07 and the 2014-2020 Primary Policies incorporate the Commercial General Liability policy form CG0001 4/13. As the forms are substantially similar, for ease of reference, we have quoted from the CG0001 4/13 form.

All words in bold or quotes are defined in the policies.  We refer you to your policies for those definitions.



Subject to all of its terms, conditions and limitations, the Primary Policies provide that we will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** caused by an **occurrence**, or **personal and advertising injury** arising out of a listed offense to which this insurance applies. The **occurrence** must take place in the **coverage territory** and the **bodily injury** and **property damage** must occur during the policy period. The offense must arise out of the insured's business and be committed in the **coverage territory** during the policy period. We have the right and duty to defend the insured against any **suit** seeking those damages. The amount we will pay for damages is specified in the Limits of Insurance section of the Policy.

The Primary Policies contain the following relevant exclusions:

"[t]his insurance does not apply to":

**a. Knowing Violation of Rights Of Another**

**Personal and advertising injury** caused by or at the direction of the **Insured** with the knowledge that the act would violate the rights of another and would inflict **personal and advertising injury**.

**c. Material Published Prior To Policy Period**

**Personal and advertising injury** arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**
**Personal and advertising injury** arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your **advertisement**.

However, this exclusion does not apply to infringement, in your **advertisement**, of copyright, trade dress or slogan.

**j.  Insureds In Media And Internet Type Businesses**

**Personal and advertising injury** committed by an insured whose business is:
**(3)**  An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs 14. a., b. and c. of **personal and advertising injury** under the Definitions section.

The 2015-2016 Primary Policy contains the "Exclusion-Personal and Advertising injury-'Limited'" (Form G300950A 7-10)  This endorsements provides in relevant part:

3



**1. Section V-DEFINITIONS** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** or coverage extensions is amended to delete the definition of "personal and advertising injury: and replace it with the following:

"Personal and Advertising Injury" injury, including consequential "bodily injury" arising out of one or more of the following offenses:

a. false arrest, detention or imprisonment
b. malicious prosecution; or
c. the wrongful eviction from, wrongful entry into, or invasion of the right of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.

In addition, the 2016 through 2020 Primary Policies contain the "Personal And Advertising Injury Specified Offenses Endorsement" (Form CNA74907XX 1-15). This endorsement provides in relevant part:

It is understood and agreed that the definition of **Personal and Advertising Injury** is deleted and replaced with the following: **Personal and advertising injury** means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

a. false arrest, detention or imprisonment
b. malicious prosecution; or
c. the wrongful eviction from, wrongful entry into, or invasion of the right of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.

<u>No "Suit"</u>

Preliminarily, National Fire and Valley Forge have no duty to defend HE under the policies because no **suit** has been filed. **Suit** is defined in the Primary Policies as "a civil proceeding in which "damages" because of **bodily injury**, **property damage** or **personal and advertising injury** to which this insurance applies are alleged. **Suit** includes:

A.  An arbitration proceeding in which such damages are claimed…
B. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the Insured submits with our consent.

Because no **suit** has been filed, National Fire and Valley Forge have no duty to reimburse HE for legal fees and costs incurred in connection with the MFI Claim.

4



No "Bodily Injury" or "Property Damage"

January 24, 2013 through March 1, 2020 Primary Policies

For coverage to apply under the **Bodily Injury** or **Property Damage** coverage, the Primary Policies require the Claimants to seek damages for **bodily injury** or **property damage** caused by an **occurrence** that takes place in the **coverage territory** and occurs during the policy period. **Bodily injury** means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Primary Policies define **property damage** as "physical injury to tangible property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured." For purposes of this insurance, electronic data is not tangible property. Please note that economic loss does not constitute **property damage**. Finally, an **occurrence** is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The MFI Claim fails to allege facts potentially seeking damages for **bodily injury** or **property damage** caused by an accidental **occurrence**, as those terms are defined by the Primary Policies. National Fire and Valley Forge thus disclaim coverage for the MFI Claim under the Primary Policies' **bodily injury** and **property damage** coverage.

No "Personal and Advertising Injury"

January 24, 2013 through January 24, 2015 Primary Policies

The January 24, 2013 through January 24, 2015 Primary Policies provide coverage for claims that seek damages because of **personal and advertising injury**, as defined to which this insurance applies. To implicate the Primary Policies' **Personal and Advertising Injury** coverage, the MFI Claim must seek damages for an enumerated offense arising out of the insured's business and committed in the **coverage territory** during the policy period. Furthermore, to implicate the Primary Policies' **personal and advertising injury** coverage, the Claimant must seek damages for an enumerated offense arising out of the **Named Insured's** business, which was committed during the **policy period**. **Personal and advertising injury** is defined as false arrest, detention or imprisonment; malicious prosecution; wrongful eviction from residential premises; slander, libel or disparagement; invasion of privacy; use of another's advertising idea in your a**dvertisement**; and infringing upon another's copyright, trade dress or slogan in your **advertisement**. The **personal and advertising injury** definition is expanded, by endorsement, to include discrimination and humiliation. The MFI Claim does not allege facts which potentially seek damages for **personal and advertising injury** that takes place in the **coverage territory,** as those terms are defined by the Primary Policies.  National Fire and Valley Forge thus disclaim coverage for the MFI Claim under the January 24, 2013 through January 24, 2015 Primary Policies' **personal and advertising injury** coverage.



The January 24, 2015 through March 1, 2020 Primary Policies

The January 24, 2015 through March 1, 2020 Primary Policies, as amended by the Exclusion-Personal and Advertising injury-Limited and  Personal and Advertising Injury Specified Offenses Endorsements, define **personal and advertising injury** as injury, including consequential **bodily injury**, arising out of one or more of the following offenses: false arrest, detention or imprisonment; malicious prosecution; or the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor. The MFI Claim does not allege facts or allegations which could potentially seek damages for a **personal and advertising injury** as defined by the Primary Policies' Exclusion-Personal and Advertising injury-Limited and Personal and Advertising Injury Specified Offenses Endorsements. National Fire and Valley Forge thus disclaim coverage for the MFI Claim under the January 24, 2015 through March 1, 2020 Primary Policies' **personal and advertising injury** coverage.

Exclusions

Even assuming a Court could find the MFI Claim potentially seeks damages for a **personal and advertising injury**, which National Fire and Valley Forge do not admit, the 2013-2020 Primary Policies' Exclusion 2. i., titled "Infringement Of Copyright, Patent, Trademark Or Trade Secret" precludes **personal and advertising injury coverage** for purported claims "arising out of the infringement of….copyright infringement…" with the exception of copyright infringement which arises out of the named insured's **advertisement**. As the MFI claim does not assert that the alleged copyright arises out of HE's **advertisement**, the exclusion would apply to preclude **personal and advertising injury** for the MFI Claim. In addition, Exclusion 2. j., titled **"**Insureds In Media And Internet Type Businesses" precludes **personal and advertising injury** coverage for purported claims committed by insureds "whose business is… [a]n Internet search, access, content or service provider. As HE is an Internet access provider, this exclusion applies to preclude **personal and advertising injury** coverage for the MFI Claim.

National Fire and Valley Forge reserve their rights to disclaim coverage under the following 2013-2020 Primary Policies' **personal and advertising injury** exclusions: Exclusion 2.a., titled "Known Violation of the Rights of Another" precludes **personal and advertising injury** coverage to the extent that any alleged **personal and advertising injury** was caused by the insured's knowing and/or willful conduct. Exclusion 2. c., titled "Material Published Prior to the Policy Period" precludes **personal and advertising injury** coverage to the extent that any alleged **personal and advertising injury** arises out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

**III.        The Umbrella Policies**

National Fire and Valley Forge issued umbrella policy number 5091119124 to Hurricane Electric, LLC for annual, successive policy periods from January 24, 2013 through January 24, 2018 as outlined above. The Umbrella Polices incorporate the Commercial Umbrella Plus Coverage Part form G15057C 6/05.



Subject to all of its terms, conditions and limitations, the Umbrella Policies provide that National Fire and Valley Forge will pay those sums that the insured becomes legally obligated to pay as "ultimate net loss" because of "bodily injury," "property damage," or  "personal and advertising injury" to which this insurance applies caused by an "incident."  The "bodily injury," "property damage," or "personal and advertising injury" must be caused by an "incident" during the policy period.

The Umbrella Policies provide:

**2.**  We will investigate and defend an insured or reimburse an insured for "suits" brought against an insured for a claim or "suit" that alleges damages because of "bodily injury," "property damage" or "personal and advertising injury" not covered under:

  **a.**  "Scheduled underlying insurance"; and
  **b.**  "Unscheduled underlying insurance";

  but which seeks damages because of "bodily injury," "property damage" or "personal and advertising injury" otherwise covered under this policy. Costs and expanses of such investigation and defense are not subject to the "retained limit."

The Umbrella Policies contain the following pertinent exclusions, which provide that "[t]his insurance does not apply to:"

**c. "Personal and advertising injury" Exclusions**

"Personal and advertising injury":

**(1)**  Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**(3)**  Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

**(8)**  Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights;

However, this exclusion does not apply to infringement, in your "advertisement," of copyright, trade dress or slogan;

**(9)** Committed by an insured whose business is:

c.  An internet search, access, content or service provider;



> However, this exclusion does not apply to paragraphs 10.a., b. and c. of "personal and advertising injury" under **SECTION V-Definitions**…

The January 24, 2014 through January 24, 2018 Umbrella Policies also contain the "Personal and Advertising Injury Limitation Endorsement" (Form G17900B 1/04), which provides that "[t]his insurance does not apply to: 'personal and advertising injury.' However, this exclusion does not apply to any claim or 'suit' for which coverage is provided by 'scheduled underlying insurance.'"

We incorporate the terms, provisions and endorsements of the Umbrella Policies into this letter. The grounds set forth in our Coverage Position also apply to say Umbrella Policies and National Fire and Valley Forge adopt and join in the Coverage Position as stated.

Even assuming a Court could find the MFI Claim potentially seeks damages for a "personal and advertising injury", which National Fire and Valley Forge do not admit, the Umbrella Policies' Exclusion c.8. precludes "personal and advertising injury" coverage for purported claims "arising out of the infringement of….copyright infringement…" with the exception of copyright infringement which arises out of the named insured's advertisement. As the MFI claim does not assert that the alleged copyright arises out of HE's advertisement, the exclusion would apply to preclude "personal and advertising injury" for the MFI Claim. In addition, Exclusion c.9. precludes "personal and advertising injury" coverage for purported claims committed by insureds "whose business is… [a]n Internet search, access, content or service provider." As HE is an Internet access provider, this exclusion applies to preclude "personal and advertising injury" coverage for the MFI Claim.

National Fire and Valley Forge reserve their rights to disclaim coverage under the following Umbrella Policies' "personal and advertising injury" exclusions: Exclusion c.1. precludes "personal and advertising injury" coverage to the extent that any alleged "personal and advertising injury" was caused by the insured's knowing and/or willful conduct. Exclusion c.3. precludes "personal and advertising injury" coverage to the extent that any alleged "personal and advertising injury" arises out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period."

**IV. The Excess/Umbrella Policies**

Continental Insurance issued Excess/Umbrella Policies, policy number 5091119124 to Hurricane Electric, LLC for annual, successive policy periods of January 24, 2018 through March 1, 2020. The CIC Excess/ Umbrella Policies incorporate the Paramount Excess and Umbrella Liability Policy Form CNA75504XX 03/15.

Coverage A provides Excess Follow Form Liability coverage. Coverage A is not implicated by the MFI Claim because the underlying Primary Policies do not provide coverage for this matter.

Coverage B provides Umbrella Liability coverage. Coverage B provides that we will pay on behalf of the **Insured** those **damages** in excess of the **retained amount** that the insured becomes legally obligated to pay because of



**bodily injury** and **property damage** arising out of an **occurrence** or **personal and advertising injury t**hat is caused by an offense arising out of the Named Insured's business.  The **bodily injury**, **property damage** and **personal and advertising injury** must take place during the **policy period** and within the **coverage territory.**

C.         **Coverage B – Umbrella Liability Exclusions**

Coverage B also contains the following relevant exclusions, providing that "[t]his Insurance does not apply to any actual or alleged **personal and advertising injury:**

        d.         **Infringement of Copyright, Patent, Trademark or Trade Secret**

           arising out of infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in the **Named Insured's advertisement**. However, this exclusion does not apply to infringement of copyright, trade dress or slogan in the **Named Insured's advertisement.**  However, this exclusion does not apply to infringement of copyright, trade dress or slogan in the Named Insured's advertisement.

        e.         **Insureds in Media and Internet Type Businesses**

           committed by an Insured whose business is:

           iii. An Internet search, access, content or service provider.

           However, this exclusion does not apply to paragraph A., B. or C. of personal and advertising injury as defined in the section entitled Definitions.

        f.         **Knowing Violation of Rights of Another**

           caused by an actual or alleged offense, act or omission by or at the direction of the     **Insured** if the **Insured** knew or should have known that such offense, act or omission would cause such **personal and advertising injury**.

        g.         **Material Published Prior To Policy Period**

           arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the **policy period**.

For the reasons set forth above in connection with the 2018-2020 underlying Primary Policies, the MFI Claim  Suit does not alleged facts potentially seek damages for **bodily injury**, **property damage** or **personal and advertising injury** caused by an **incident,** as those terms are defined by the Excess/Umbrella policy. In addition, Continental Insurance disclaims coverage under the Excess/Umbrella Policies for **personal and advertising**

9



**injury** pursuant to the exclusion d., the "Infringement of Copyright, Patent, Trademark or Trade Secret" exclusion. This exclusion precludes "personal and advertising injury" coverage for purported claims "arising out of the infringement of….copyright infringement…" with the exception of copyright infringement which arises out of the **Named Insured's advertisement**. As the MFI claim does not assert that the alleged copyright arises out of HE's **advertisement**, the exclusion would apply to preclude **personal and advertising injury** for the MFI Claim. In addition, Exclusion e. precludes **personal and advertising injury** coverage for purported claims committed by insureds "whose business is… [a]n Internet search, access, content or service provider." As HE is an Internet access provider, this exclusion applies to preclude **personal and advertising injury** coverage for the MFI Claim.

In addition, Continental Insurance also disclaims coverage pursuant to the **Personal and Advertising Injury Liability Exclusion Endorsement-Coverage B**, form CNA76514XX 03/15, which applies to preclude **personal and advertising injury** under Coverage B of the January 24, 2020 through March 1, 2020 Excess and Umbrella Policy.

Other Coverage Defenses

The Policies only provide coverage for sums the Insured is legally obligated to pay as damages arising out of covered claims. The CNA Insurers disclaim coverage for exemplary or punitive damages, attorney's fees and injunctive relief on grounds that the requested relief does not seek "sums the insured is legally obligated to pay as damages," as required by the Policies.  The term damages, as used in the commercial general liability coverage form, refer to actual and compensatory damages.  Attorney fee awards are also precluded by the commercial general liability policy's Supplementary Payments provision.  Lastly, the CNA Insurers reserve their right to deny coverage for punitive damages to the extent that insurance coverage for punitive damages may be precluded from coverage by law or public policy.

**Conclusion**

For the foregoing reasons, the CNA Insurers disclaim coverage for the MFI Claim under the Policies.  By referencing the policy provisions stated above, the CNA Insurers do not waive other policy provisions.  The Policies, in their entirety, are incorporated herein by reference as if they had been stated in full and the CNA Insurers reserve their rights under the policies and applicable law to rely on additional policy provisions as appropriate. No waiver of the right to assert additional policy defenses is intended, and any such waiver is denied.

Please place all applicable insurance carriers on notice of this loss.

If suit is filed, please forward it to us for review.



Pursuant to the California Code of Regulations §2695.7(b)(3), if you believe that all or part of the claim has been wrongfully denied or rejected, you may have this matter reviewed by the California Department of Insurance at the following address and telephone number:

California Department of Insurance
Consumer Communications Bureau
300 South Spring Street
9th Floor, South Tower
Los Angeles, CA  90013
800-927-4357 (Calling from within California)
213-897-8921 (Outside California)
800-482-4833 (TTD-Telecommunication Devices for the Deaf)

If you wish to discuss the CNA Insurers' coverage position or have any questions regarding this matter please do not hesitate to contact me at catherine.gardner@cna.com or (503) 431-3078 or your insurance agent or broker.

Yours very truly,

*Catherine Gardner*

Catherine Gardner
National Fire Insurance Company of Hartford
Valley Forge Insurance Company
Continental Insurance Company

cc: Professional Insurance Associates, Inc.
    P.O. Box 1266
    San Carlos, CA  94070-1266