# Table of Contents
# ADR LOCAL RULES

| | | | |
|---|---|---|---|
| 1. | | PURPOSE AND SCOPE OF RULES | 1 |
| | 1-1. | Title | 1 |
| | 1-2. | Purpose and Scope | 1 |
| | | (a) Purpose | 1 |
| | | (b) Scope | 1 |
| | | (c) Magistrate Judges Consent Cases | 1 |
| 2. | | GENERAL PROVISIONS | 2 |
| | 2-1. | ADR Unit | 2 |
| | | (a) Staff and Responsibilities | 2 |
| | | (b) ADR Website and Handbook | 2 |
| | | (c) Contacting the ADR Unit | 2 |
| | 2-2. | ADR Magistrate Judge | 2 |
| | 2-3. | Referral to ADR Program by Stipulation, Motion or Order | 3 |
| | 2-4. | Violation of the ADR Local Rules | 3 |
| | | (a) Informal Resolution | 3 |
| | | (b) Reporting Violation | 3 |
| | | (c) Proceeding in Response to Complaint or Report of Violation and Sanctions | 3 |
| | 2-5. | Neutrals | 4 |
| | | (a) Panel | 4 |
| | | (b) Qualifications and Training | 4 |
| | | (c) Oath | 5 |
| | | (d) Disqualification of Neutrals | 5 |
| | | (e) Immunities | 5 |
| | 2-6. | Evaluation of ADR Programs | 5 |
| 3. | | ADR MULTI-OPTION PROGRAM | 6 |
| | 3-1. | Purpose | 6 |
| | 3-2. | Description | 6 |
| | 3-3. | Assignment to ADR Multi-Option Program | 6 |
| | | (a) Automatic Assignment | 6 |
| | | (b) By Stipulation, Motion or Order | 6 |
| | | (c) Relief from Automatic Referral | 6 |
| | 3-4. | ADR Options | 7 |
| | | (a) Court-Sponsored ADR Processes | 7 |
| | | (b) Private ADR | 7 |
| | 3-5. | Selecting an ADR Process | 7 |
| | | (a) Meet and Confer to Select ADR Process | 7 |
| | | (b) ADR Certification | 7 |

|   |   | (c) | Stipulation to ADR Process. | 8 |
|   |   | (d) | Selection at Case Management Conference. | 8 |
|   | 3-6. | | ADR Phone Conference. | 8 |
|   |   | (a) | Participants | 8 |
|   |   | (b) | Participation in the Conference Call | 8 |
|   |   | (c) | Preparation | 8 |
|   |   | (d) | Request to Continue the ADR Phone Conference | 8 |
|   |   | (e) | Confidentiality | 9 |
|   | 3-7. | | Timing of ADR Process in the ADR Multi-Option Program | 9 |
| 4. | | | NON-BINDING ARBITRATION [ABROGATED] | 9 |
| 5. | | | EARLY NEUTRAL EVALUATION | 10 |
|   | 5-1. | | Description | 10 |
|   | 5-2. | | Eligible Cases | 10 |
|   | 5-3. | | Evaluators | 10 |
|   |   | (a) | Appointment | 10 |
|   |   | (b) | Compensation. | 10 |
|   |   | (c) | Payment. | 10 |
|   | 5-4. | | Timing and Scheduling the ENE Session | 10 |
|   |   | (a) | Scheduling by Evaluator. | 10 |
|   |   | (b) | Cooperating with the Evaluator. | 10 |
|   |   | (c) | Deadline for Conducting Session. | 11 |
|   | 5-5. | | Requests to Extend Deadline | 11 |
|   |   | (a) | Motion Required. | 11 |
|   |   | (b) | Content of Motion. | 11 |
|   | 5-6. | | Ex Parte Contact Prohibited | 11 |
|   | 5-7. | | Phone Conference Before ENE Session | 11 |
|   | 5-8. | | Written ENE Statements | 11 |
|   |   | (a) | Time for Submission. | 11 |
|   |   | (b) | Prohibition Against Filing. | 11 |
|   |   | (c) | Content of Statement. | 11 |
|   | 5-9. | | Special Provisions for Patent, Copyright, or Trademark Cases | 12 |
|   |   | (a) | Patent Cases. | 12 |
|   |   | (b) | Copyright Cases. | 12 |
|   |   | (c) | Trademark Cases. | 12 |
|   | 5-10. | | Attendance at Session | 13 |
|   |   | (a) | Parties. | 13 |
|   |   | (b) | Counsel. | 13 |
|   |   | (c) | Insurers. | 13 |
|   |   | (d) | Request to be Excused. | 13 |
|   |   | (e) | Opposing a Request to be Excused or Seeking to Compel Attendance by an Appropriate Party Representative | 14 |

(f)  Participation by Telephone. .......................................................................... 14

5-11.  Procedure at ENE Session .............................................................................. 14

(a)  Components of ENE Session. ............................................................... 14

(b)  Process Rules. ....................................................................................... 15

(c)  Evaluation and Settlement Discussions. .............................................. 15

5-12.  Confidentiality ................................................................................................ 15

(a)  Confidential Treatment. ....................................................................... 15

(b)  Limited Exceptions to Confidentiality. ............................................... 15

(c)  Confidentiality Agreement. .................................................................. 16

5-13.  Follow Up ........................................................................................................ 16

(a)  Discussion at Close of ENE. ................................................................ 16

(b)  Follow Up the Evaluator May Order. ................................................... 16

(c)  Stipulation to Follow Up Session. ....................................................... 16

(d)  Limitations on Authority of Evaluator. ............................................... 16

5-14.  Certification of Session ................................................................................... 16

6.  MEDIATION ................................................................................................................ 17

6-1.  Description ....................................................................................................... 17

6-2.  Eligible Cases .................................................................................................. 17

6-3.  Mediators ......................................................................................................... 17

(a)  Appointment. ........................................................................................ 17

(b)  Standards of Conduct. .......................................................................... 17

(c)  Compensation. ...................................................................................... 17

(d)  Payment. ................................................................................................ 17

6-4.  Timing and Scheduling the Mediation ........................................................... 17

(a)  Scheduling by Mediator. ...................................................................... 17

(b)  Cooperating with the Mediator. ........................................................... 18

(c)  Deadline for Conducting Mediation. ................................................... 18

6-5.  Request To Extend the Deadline ..................................................................... 18

(a)  Motion Required. .................................................................................. 18

(b)  Content of Motion. ............................................................................... 18

6-6.  Phone Conference Before Mediation .............................................................. 18

6-7.  Written Mediation Statements ........................................................................ 18

(a)  Time for Submission. ............................................................................ 18

(b)  Prohibition Against Filing. ................................................................... 18

(c)  Content of Statement. ........................................................................... 18

6-8.  Special Provisions for Patent, Copyright, or Trademark Cases ..................... 19

(a)  Patent Cases. ......................................................................................... 19

(b)  Copyright Cases. ................................................................................... 19

(c)  Trademark Cases. .................................................................................. 19

6-9.  Contact with Mediator Before the Mediation ................................................ 20

6-10.  Attendance at Session ..................................................................................... 20

|       |       |                                                                                           |      |
|-------|-------|-------------------------------------------------------------------------------------------|------|
|       | (a)   | Parties.                                                                                  | 20   |
|       | (b)   | Counsel.                                                                                  | 20   |
|       | (c)   | Insurers.                                                                                 | 20   |
|       | (d)   | Request to be Excused.                                                                    | 21   |
|       | (e)   | Opposing a Request to be Excused or Seeking to Compel Attendance by an Appropriate Party Representative. | 21 |
|       | (f)   | Participation by Telephone.                                                               | 21   |
| 6-11. | Procedure at Mediation                                                                            || 22   |
|       | (a)   | Procedure.                                                                                | 22   |
|       | (b)   | Separate Caucuses.                                                                        | 22   |
| 6-12. | Confidentiality                                                                                   || 22   |
|       | (a)   | Confidential Treatment.                                                                   | 22   |
|       | (b)   | Limited Exceptions to Confidentiality.                                                    | 22   |
|       | (c)   | Confidentiality Agreement.                                                                | 22   |
| 6-13. | Follow Up                                                                                         || 23   |
| 6-14. | Certification of Session                                                                          || 23   |
| 7.    | SETTLEMENT CONFERENCES                                                                            ||| 24   |
| 7-1.  | Description                                                                                       || 24   |
| 7-2.  | Referral to a Settlement Conference                                                               || 24   |
|       | (a)   | Timing.                                                                                   | 24   |
|       | (b)   | Referral to a Settlement Judge.                                                           | 24   |
| 7-3.  | Directives from the Settlement Judge                                                              || 24   |
|       | (a)   | Corporation or Other Non-Governmental Entity.                                             | 24   |
|       | (b)   | Government Entity.                                                                        | 24   |
|       | (c)   | Insurers.                                                                                 | 25   |
| 7-4.  | Settlement Conference Confidentiality                                                             || 25   |
|       | (a)   | Confidential Treatment.                                                                   | 25   |
|       | (b)   | Limited Exceptions to Confidentiality.                                                    | 25   |
| 8.    | OTHER ADR PROCESSES                                                                              ||| 26   |
| 8-1.  | Other Court ADR Processes                                                                         || 26   |
|       | (a)   | Non-binding Arbitration                                                                   | 26   |
|       | (b)   | Non-binding Summary Bench or Jury Trial                                                   | 26   |
|       | (c)   | Special Masters.                                                                          | 26   |
| 8-2.  | Private ADR                                                                                       || 26   |

# 1.  PURPOSE AND SCOPE OF RULES

## 1-1.  Title

These are the Local Rules for Alternative Dispute Resolution in the United States District Court for the Northern District of California. They should be referred to as "ADR L.R. ___."

## 1-2.  Purpose and Scope

**(a)**   **Purpose.** The Court recognizes that full, formal litigation of claims can impose large economic burdens on parties and can delay resolution of disputes for considerable periods. The Court also recognizes that sometimes an alternative dispute resolution procedure can improve the quality of justice by improving the parties' clarity of understanding of their case, their access to evidence, and their satisfaction with the process and result. The Court adopts these ADR Local Rules to make available to litigants a broad range of court-sponsored ADR processes to provide quicker, less expensive and potentially more satisfying alternatives to continuing litigation without impairing the quality of justice or the right to trial. The Court offers diverse ADR services to enable parties to use the ADR process that promises to deliver the greatest benefits to their particular case. In administering these Local Rules and the ADR program, the Court will take appropriate steps to assure that no referral to ADR results in imposing on any party an unfair or unreasonable economic burden.

**Commentary**

The Alternative Dispute Resolution Act of 1998, 28 U.S.C. §§ 651-58, requires each federal district court to authorize by local rule the use of at least one ADR process in all civil actions. In accordance with § 651(c), the Court has examined the effectiveness of its ADR programs and has adopted improvements consistent with the Act.

**(b)**   **Scope.** These ADR Local Rules are effective May 1, 2018, and shall govern actions pending or commenced on or after that date. These rules supplement the Civil Local Rules of the Court and, except as otherwise indicated, apply to all civil actions filed in this Court. Cases subject to these ADR Local rules also remain subject to the other local rules of the Court.

**(c)**   **Magistrate Judges Consent Cases.** In cases initially assigned to a Magistrate Judge, even prior to the filing of consents by all parties to jurisdiction by a Magistrate Judge under 28 U.S.C. § 636(c), the Magistrate Judge shall have the authority to refer cases to ADR programs and to grant relief from the requirements of these ADR local rules. Consents or declinations shall be filed in advance of any Mediation, ENE, or settlement conference proceeding under these rules.

# 2.  GENERAL PROVISIONS

## 2-1.  ADR Unit

**(a)**  **Staff and Responsibilities.** The ADR Unit shall consist of a Director of ADR Programs and such attorneys, case administrators and support personnel as the Court may authorize. The ADR Director and legal staff shall be attorneys with expertise in ADR procedures. The ADR Unit shall be responsible for designing, implementing, administering and evaluating the Court's ADR Programs. These responsibilities extend to educating litigants, lawyers, Judges and Court staff about the ADR Program and rules. In addition, the ADR Unit shall be responsible for overseeing, screening and training neutrals to serve in the Court's ADR programs. The ADR Director and legal staff also serve as neutrals in selected cases.

**(b)**  **ADR Website and Handbook.** The ADR Unit's website, located at cand.uscourts.gov/adr, contains information about the Court's ADR processes and their comparative benefits, answers to frequently asked questions, various forms approved by the Court and information about becoming a neutral in the Court's programs.

**(c)**  **Contacting the ADR Unit.** The address, phone and fax numbers, and email address of the ADR Unit are:

U.S. District Court-ADR Unit
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102
Telephone: (415) 522-2199
Fax: (415) 522-4112
General email: ADR@cand.uscourts.gov
Requests to be excused from appearing at an ADR session:
ADR_Attendance@cand.uscourts.gov
Reports of violations of the ADR Local Rules:
ADR_RulesViolations@cand.uscourts.gov

**Commentary**

The Court encourages litigants and counsel to consult the ADR website and to contact the ADR Unit to discuss the suitability of ADR options for their cases or for assistance in tailoring an ADR process to a specific case.

## 2-2.  ADR Magistrate Judge

The Court shall designate one of its magistrate judges as the ADR Magistrate Judge. The ADR Magistrate Judge is responsible for overseeing the ADR Unit, consulting with the ADR Director and legal staff on matters of policy, program design and evaluation, education, training and administration. The ADR Magistrate Judge shall rule on all requests to be excused from appearing in person at ENE and Mediation sessions, and shall hear and determine all complaints alleging violations of these ADR local rules. If the ADR Magistrate Judge is unavailable or precluded from hearing and determining an attendance request or complaint alleging violations of these ADR local rules because of a conflict of interest or because he or she is also the case's assigned Judge, the matter shall be referred to the Chief Magistrate Judge. If the Chief Magistrate Judge is unavailable or precluded from hearing and determining the matter, it shall be referred to the General Duty Judge. If the General Duty Judge is unavailable or precluded from hearing and determining the matter, it shall be referred to the Chief Judge.

**Cross Reference**

See ADR L.R. 4-9, 5-10 and 6-10 for attendance. See ADR L.R. 2-4(c) for violations.

**2-3.   Referral to ADR Program by Stipulation, Motion or Order**

Subject to pertinent jurisdictional and resource constraints, a case may be referred to a Court ADR process by order of the assigned Judge following a stipulation by all parties, by motion of a party under Civil L.R. 7, or on the Judge's initiative. A stipulation and proposed order selecting an ADR process must (1) designate the specific ADR process the parties have selected, (2) specify the time frame within which the ADR process will be completed, and (3) set forth any other information the parties would like the Court to know. The parties may use the form provided by the Court.

**Commentary**
A form stipulation and proposed order is available on the ADR website:
cand.uscourts.gov/adr. The Clerk's Office will print copies upon request for pro se
parties.

**Cross Reference**
See ADR L.R. 3-4 for Court ADR Processes and ADR L.R. 5-2 and 6-2 for eligible
cases.

**2-4.   Violation of the ADR Local Rules**

**(a)   Informal Resolution.** Without prejudice to the use of more formal procedures set forth in sections (b) and (c) below, a complaint alleging that any person or party, including the neutral, has materially violated any of the ADR local rules other than ADR L.R. 7 (pertaining to judicially hosted settlement conferences) may be presented informally to the ADR Director, or to such legal staff as the Director may designate, who will attempt to resolve the matter to the satisfaction of all concerned.

**(b)   Reporting Violation.**

**(1)   Complaints Alleging Material Violations.** A formal complaint alleging that any person or party, including the neutral, has materially violated any of the ADR local rules other than ADR L.R. 7 (pertaining to judicially hosted settlement conferences) must be presented in writing directly to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_RulesViolations@cand.uscourts.gov. Such a letter of complaint must be accompanied by a competent declaration. Copies of the letter of complaint and declaration must be sent contemporaneously to all other parties and the neutral (if a neutral has been appointed). The letter of complaint and declaration must be marked "Confidential–Not to be Filed" and must neither be filed nor disclosed to the assigned Judge.

**(2)   Report by Neutral.** A neutral who perceives a material violation of these ADR local rules shall make a written report directly to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_RulesViolations@cand.uscourts.gov and contemporaneously provide copies to all counsel. Such report must be marked "Confidential–Not to be Filed" and must neither be filed nor disclosed to the assigned Judge.

**(c)   Proceeding in Response to Complaint or Report of Violation and Sanctions.** If, upon receiving an appropriately presented and supported complaint or report of a material violation of these ADR local rules, the ADR Magistrate Judge determines that the matter warrants further proceedings, the ADR Magistrate Judge may refer the matter to the ADR Director to explore the possibility of resolving the complaint informally in accordance

with section (a) above. If no such referral is made, or if the matter is not resolved informally, the ADR Magistrate Judge shall take appropriate action. The ADR Magistrate Judge may issue an order to show cause why sanctions should not be imposed. The response to any such order to show cause, and any additional briefing on the matter, shall be marked "Confidential–Not to be Filed," must neither be filed nor disclosed to the assigned Judge, and must be presented in writing directly to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_RulesViolations@cand.uscourts.gov, with copies sent contemporaneously to all other parties and the neutral (if a neutral has been appointed). Any such sanctions proceedings shall be conducted on the record but under seal. The ADR Magistrate Judge will afford all interested parties an opportunity to be heard before deciding whether to impose sanctions. Any objections to the ADR Magistrate Judge's order resolving the sanctions issue must be made by motion under Civil L.R. 7 before the General Duty Judge, unless the General Duty Judge is the assigned Judge or is otherwise precluded from hearing the matter, in which case the objections shall be made to the Chief Judge. Any such objection shall be marked "Confidential-Not to be Filed" and must be delivered directly to the appropriate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_RulesViolations@cand.uscourts.gov within 14 days of the filing of the ADR Magistrate Judge's order resolving the sanctions issue. Such objection shall not be filed or disclosed to the assigned Judge, and shall be served immediately on the ADR Magistrate Judge, all other counsel, the neutral and the ADR Unit.

### Commentary

The Court encourages parties to use the informal resolution procedure set forth in ADR L.R. 2-4(a) prior to submitting a formal complaint. Under *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989), the district court may impose fee shifting sanctions for a violation of a local rule only on a finding of bad faith, willfulness, recklessness, or gross negligence.

## 2-5. Neutrals

(a) **Panel.** The ADR Unit shall maintain a panel of neutrals serving in the Court's ADR programs. Neutrals will be selected from time to time by the Court from applications submitted by lawyers willing to serve or by other persons as set forth in section (b)(3) below. Neutrals will be appointed to renewable terms of 4 years. The legal staff of the ADR Unit may serve as neutrals.

(b) **Qualifications and Training.** Each lawyer serving as a neutral in a Court ADR program must be a member of the bar of this Court or a member of the faculty of an accredited law school and must successfully complete initial and periodic training as required by the Court. Additional minimum requirements for serving on the Court's panel of neutrals, which the Court may modify in individual circumstances for good cause, are as follows:

(1) **ENE Evaluators.** Evaluators must have been admitted to the practice of law for at least 15 years and have considerable experience with civil litigation in federal court. Evaluators must also have substantial expertise in the subject matter of the cases assigned to them and must have the temperament and training to listen well, facilitate communication across party lines and, if called upon, assist the parties with settlement negotiations.

(2) **Mediators.** Lawyer mediators must have been admitted to the practice of law for at least 7 years and must be knowledgeable about civil litigation in federal court. Mediators shall have strong Mediation process skills and the temperament and

training to listen well, facilitate communication across party lines and assist the parties with settlement negotiations. Mediators who are not lawyers may also be selected to serve on the Court's panel of mediators if they have appropriate professional credentials in another discipline and are knowledgeable about civil litigation in federal court. A non-lawyer mediator may be appointed to a case only with the consent of the parties.

(c) **Oath.** Persons serving as neutrals in any of the Court's ADR programs must take the oath or affirmation prescribed in 28 U.S.C. § 453.

(d) **Disqualification of Neutrals.**

(1) **Applicable Standards.** No person may serve as a neutral in a case in a Court ADR program in violation of:

(A) the standards set forth in 28 U.S.C. § 455, or

(B) any applicable standard of professional responsibility or rule of professional conduct, or

(C) other guidelines adopted by the Court concerning disqualification of neutrals.

(2) **Mandatory Disqualification and Notice of Recusal.** A prospective neutral who discovers a circumstance requiring disqualification must immediately notify the parties and the ADR Unit in writing. The parties may not waive a basis for disqualification that is described in 28 U.S.C. Section 455 (b).

(3) **Disclosure and Waiver of Non-Mandatory Grounds for Disqualification.** If a prospective neutral discovers a circumstance that would not compel disqualification under an applicable standard of professional responsibility or rule of professional conduct or other guideline, or under § 455(b), but that might be covered by § 455 (a), the neutral shall promptly disclose that circumstance to all counsel in writing, as well as the ADR Unit. A party who has an objection to the neutral based upon an allegation that the neutral has a conflict of interest must present this objection in writing to the ADR Unit and all counsel within 7 days of learning the source of the potential conflict or shall be deemed to have waived objection.

(4) **Objections Not Based on Disclosures by Neutral.** Within 7 days of learning the identity of a proposed neutral, a party who objects to service by that neutral must deliver to the ADR Unit and to all other counsel a writing that specifies the bases for the objection. The ADR Director shall determine whether the proposed neutral will serve or whether another neutral should be appointed. Appeal from such a determination must be made directly to the ADR Magistrate Judge within 7 days of the notice of the ADR Director's determination.

(e) **Immunities.** All persons serving as neutrals in any of the Court's ADR programs are performing quasi-judicial functions and are entitled to the immunities and protections that the law accords to persons serving in such capacity.

## 2-6.  Evaluation of ADR Programs

Congress has mandated that the Court's ADR programs be evaluated. Neutrals, counsel and clients must promptly respond to any inquiries or questionnaires from persons authorized by the Court to evaluate the programs. Responses to such inquiries will be used for research and monitoring purposes only and the sources of specific information will not be disclosed to the assigned Judge or in any report.

# 3.  ADR MULTI-OPTION PROGRAM

## 3-1.  Purpose

The ADR Multi-Option Program is designed to encourage litigants in a broad range of cases to use ADR and to provide parties with sophisticated assistance in identifying the ADR process that is best suited to their particular case.

## 3-2.  Description

Most civil cases are assigned at filing to the ADR Multi-Option Program, in which the parties are presumptively required to participate in one non-binding ADR process offered by the Court (Early Neutral Evaluation, Mediation or a Settlement Conference with a Magistrate Judge). With the assigned Judge's permission, the parties may substitute an ADR process offered by a private provider. On or before the date set forth in the Order Setting Initial Case Management Conference and ADR Deadlines, counsel and client must sign, serve, and file the ADR Certification as set forth in ADR L.R. 3-5, and counsel must meet and confer in an effort to agree on an ADR process option. If, after meeting and conferring, the parties need specialized assistance to select or customize an ADR process, they may request a joint phone conference with the legal staff of the ADR Unit. Counsel must include in their joint case management statement a report on the status of ADR, specifying which ADR process option they have selected and a proposed deadline by which the parties will conduct the ADR session, or, if they do not agree, setting forth which option and timing each party prefers. Unless the assigned Judge already has approved a stipulation to an ADR process, the assigned Judge will discuss ADR options with counsel at the initial case management conference. With the benefit of input from the parties and, if provided, from the legal staff of the ADR Unit, the Judge will select one of the ADR processes offered by the Court, unless persuaded that the case is not ripe for an ADR referral or that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources devoted to it.

### Commentary

Counsel are encouraged to reach agreements about what information the parties need to exchange, formally or informally, in order to be ready to participate in ADR. Counsel should stipulate to an ADR process that will take place within the presumptive 90-day deadline set forth in ADR L.R. 3-7 if they agree that the parties will be ready to participate meaningfully in the selected ADR process in that time frame. Counsel should defer their selection of an ADR process to the case management conference if they disagree or have questions about the most appropriate ADR process or timing.

### Cross Reference

See Case Management Conference provisions of Civil L.R. 16.

## 3-3.  Assignment to ADR Multi-Option Program

(a)  **Automatic Assignment.** In accordance with Civil L.R. 16-2, most civil cases are assigned to the ADR Multi-Option Program by the Clerk when the complaint or notice of removal is filed. Notice of such assignment will be given in the Order Setting Initial Case Management Conference and ADR Deadlines issued under Civil L.R. 16-2.

(b)  **By Stipulation, Motion or Order.** Cases not assigned at filing may be assigned to the ADR Multi-Option Program, or to a specific ADR process, by order of the assigned Judge following a stipulation by all parties, on motion by a party under Civil L.R. 7, or on the Judge's initiative.

(c)  **Relief from Automatic Referral.** Any party whose case has been referred automatically to the ADR Multi-Option Program may file with the assigned Judge a motion for relief from automatic referral under Civil L.R. 7.

### 3-4.  ADR Options

**(a)    Court-Sponsored ADR Processes.** The court-sponsored ADR options for cases assigned to the ADR Multi-Option Program include:

    **1.**    Early Neutral Evaluation (ENE);

    **2.**    Mediation; and

    **3.**    Settlement Conference with a Magistrate Judge.

A case may be referred to ENE, Mediation or a Settlement Conference only by order of the assigned Judge.

**(b)    Private ADR.** A private ADR procedure may be substituted for a Court process if the parties so stipulate and the assigned Judge approves. Private ADR proceedings, however, are not subject to the provisions of the ADR Local Rules including attendance, confidentiality, enforcement, and immunity.

### 3-5.  Selecting an ADR Process

**(a)    Meet and Confer to Select ADR Process.** In cases assigned to the ADR Multi-Option Program, as soon as feasible after filing or removal and no later than the deadline to meet and confer (presumptively 21 days before the date set for the initial case management conference), counsel must meet and confer to discuss the available ADR processes, to identify the process each believes will be most helpful to the parties' settlement efforts, to specify any formal or informal exchange of information needed before an ADR session, and to attempt to agree on an ADR process and a deadline for the ADR session. If the date of the initial case management conference is changed, unless otherwise ordered the meet and confer deadline adjusts accordingly.

**(b)    ADR Certification.** In cases assigned to the ADR Multi-Option Program, no later than the date specified in the Order Setting Initial Case Management Conference and ADR Deadlines (presumptively 21 days before the date set for the initial case management conference), counsel and client must sign, serve, and file an ADR Certification. The certification must be filed on a form established for that purpose by the Court and in conformity with the instructions approved by the Court. Separate certifications may be filed by each party. If the client is a government or government agency, the certificate shall be signed by a person who meets the requirements of Civil L.R. 3-9(c). If the date of the initial case management conference is changed, unless otherwise ordered the ADR Certification deadline adjusts accordingly.

Counsel and client must certify that both have:

**(1)**    Read the handbook entitled "Alternative Dispute Resolution Procedures Handbook" on the Court's ADR website (found at cand.uscourts.gov/adr);

**(2)**    Discussed with each other the available dispute resolution options provided by the Court and private entities; and

**(3)**    Considered whether their case might benefit from any of the available dispute resolution options.

Counsel must further certify that they have discussed selection of an ADR process and an appropriate deadline for an ADR session with counsel for the other parties to the case and must indicate whether they intend to stipulate to an ADR process and deadline or prefer to discuss ADR selection with the assigned Judge at the case management conference.

**(c)** **Stipulation to ADR Process.** If the parties agree to participate in an ADR process and they wish the Court to make an ADR referral in advance of the case management conference, they may file a Stipulation and Proposed Order selecting an ADR process.

**(d)** **Selection at Case Management Conference.**

**(1)** **Consideration of ADR Processes.** Counsel must include in their joint case management statement a report on the status of ADR, specifying which ADR process option they have selected and a proposed deadline by which the parties will conduct the ADR session or, if they do not agree, setting forth which option and timing each party prefers. Unless the assigned Judge already has approved a stipulation to an ADR process, counsel must be prepared to discuss all of the subjects about which they were required to meet and confer under ADR L.R. 3-5(a). If the ADR legal staff holds an ADR Phone Conference in advance of the initial case management conference, they ordinarily will make a recommendation to the assigned Judge.

**(2)** **Selection by Stipulation or Order.** If the parties agree to a particular ADR process at the case management conference and the assigned Judge approves, the Judge will issue an order referring the case to that process. Alternatively, even if the parties do not agree, the Judge may issue an order referring the case to ENE, Mediation, or a Settlement Conference.

**(3)** **Deferred Referral or Exemption.** If, considering the views of the parties, the Judge at the case management conference concludes that the case is not ripe for an ADR referral or that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources devoted to it, the Judge may defer making an ADR referral or may exempt the case from participating in any ADR process.

## 3-6.  ADR Phone Conference.

An ADR Phone Conference conducted by a member of the ADR legal staff may be set to assist the parties or the assigned Judge in selecting or customizing an ADR process, in aid of the administration of a case that has been referred to an ADR process, or as otherwise directed by the Court. An ADR Phone Conference may be set at the request of the parties on the form established for that purpose by the Court, by referral from the assigned Judge, or at the initiative of the ADR legal staff. Unless otherwise specified in the order referring the matter for an ADR Phone Conference or the Notice Setting ADR Phone Conference, the following procedures shall apply:

**(a)** **Participants.** Counsel who will be primarily responsible for handling the trial of the matter must participate in the conference. Clients and their insurance carriers may participate as well. Counsel may request an in-person ADR conference at the Court in lieu of the phone conference by calling the ADR Unit.

**(b)** **Participation in the Conference Call.** For the convenience of the parties, the Court provides a dial-in conference line for all ADR phone conferences. Unless otherwise directed, counsel should reserve one half-hour for each such conference call.

**(c)** **Preparation.** Before the phone conference, counsel are expected to have complied with ADR L.R. 3-5(a) and (b).

**(d)** **Request to Continue the ADR Phone Conference.** Requests to continue the ADR Phone Conference must be directed to the ADR Unit at (415) 522-2199 or ADR@cand,uscourts.gov.

**(e)** **Confidentiality.** Absent express agreement to the contrary, ADR phone conferences are not confidential. ADR legal staff may report their impressions and make recommendations to the assigned Judge following the phone conference.

**Commentary**

Forms for ADR Certification, Stipulation to an ADR Process, and Request for ADR Phone Conference, and the handbook entitled "Alternative Dispute Resolution Procedures Handbook" are available on the Court's website: cand.uscourts.gov/adr. The Clerk's Office will print copies upon request for pro se parties**.**

## 3-7. Timing of ADR Process in the ADR Multi-Option Program

Unless otherwise ordered, the ADR session must be held within 90 days after the entry of an order referring the case to a specific ADR process.

**Commentary**

Parties are permitted to request a longer or shorter deadline on a case specific basis.

**Cross-Reference**

See ADR L.R. 5-4 and 6-4.

# 4.  NON-BINDING ARBITRATION [ABROGATED]

## 5.  EARLY NEUTRAL EVALUATION

**5-1.  Description**

In Early Neutral Evaluation (ENE) the parties and their counsel, in a confidential session, make compact presentations of their claims and defenses, including key evidence as developed at that juncture, and receive a non-binding evaluation by an experienced neutral lawyer with subject matter expertise. The Evaluator also helps identify areas of agreement, offers case-planning suggestions and, if requested by the parties, settlement assistance.

**5-2.  Eligible Cases**

Subject to the availability of administrative resources and of an Evaluator with subject matter expertise, appropriate civil cases may be referred to ENE by order of the assigned Judge following a stipulation by all parties, on motion by a party under Civil L.R. 7, or on the Judge's initiative.

**5-3.  Evaluators**

**(a)  Appointment.** After entry of an order referring a case to ENE, the ADR Unit will appoint from the Court's panel an Evaluator who has expertise in the subject matter of the lawsuit, is available during the appropriate period and has no apparent conflict of interest. The Court will notify the parties of the appointment. The rules governing conflicts of interest and the procedure for objecting to an Evaluator are set forth in ADR L.R. 2-5(d). The procedures for party input into the selection process are posted on the ADR website at cand.uscourts.gov/adr.

**(b)  Compensation.** ENE Evaluators shall volunteer up to two hours of preparation time and the first four hours in an ENE session. After four hours in an ENE session, the Evaluator may (1) continue to volunteer his or her time or (2) give the parties the option of either concluding the proceeding or paying the Evaluator. The ENE proceeding will continue only if all parties and the Evaluator agree. If all parties agree to continue, the Evaluator may then charge his or her hourly rate or such other rate that all parties agree to pay. If more substantial preparation by the Evaluator is desired, the parties may discuss appropriate alternative payment arrangements with the Evaluator. Alternative arrangements must be approved by the ADR Legal Staff. No party may offer or give the Evaluator any gift.

**(c)  Payment.** All terms and conditions of payment must be clearly communicated to the parties. The parties may agree to pay the fee in other than equal portions. The parties must pay the Evaluator directly, or the Evaluator's law firm or employer, as directed by the Evaluator. On a questionnaire form provided by the Court, the Evaluator shall promptly report to the ADR Unit the amount of any payment received.

**5-4.  Timing and Scheduling the ENE Session**

**(a)  Scheduling by Evaluator.** Promptly after being appointed to a case, the Evaluator must arrange for the pre-session phone conference under ADR L.R. 5-7 and, after consulting with all parties, must fix the date and place of the ENE session within the deadlines set by paragraph (c) below, or the order referring the case to ENE.

**(b)  Cooperating with the Evaluator.** Counsel must respond promptly to and cooperate fully with the Evaluator with respect to scheduling the pre-session phone conference and the ENE session.

**(c) Deadline for Conducting Session.** Unless otherwise ordered, the ENE session must be held within 90 days after the entry of the order referring the case to ENE.

**Commentary**

If the parties believe that the deadline for conducting an ENE is not appropriate, they should promptly seek an extension of time in accordance with the procedures set forth in ADR L.R. 5-5.

## 5-5. Requests to Extend Deadline

**(a)    Motion Required.** Requests for extension of the deadline for conducting an ENE session must be made by the parties no later than 14 days before the session is to be held and must be directed to the assigned Judge, in a motion or stipulation and proposed order under Civil L.R. 7, with a copy to the other parties, the Evaluator (if appointed) and the ADR Unit.

**(b)    Content of Motion.** Such motion must:

**(1)    Detail the considerations that support the request;

**(2)    Indicate whether the other parties concur in or object to the request; and

**(3)    Be accompanied by a proposed order setting forth a new deadline by which the ENE session shall be held.

## 5-6. Ex Parte Contact Prohibited

Except with respect to scheduling matters, there shall be no *ex parte* communications between parties or counsel and the Evaluator, including private caucuses to discuss settlement, until after the Evaluator has committed his or her evaluation to writing and all parties have agreed that *ex parte* communications with the Evaluator may occur.

## 5-7. Phone Conference Before ENE Session

The Evaluator shall schedule a brief joint phone conference before the ENE session with counsel who will attend the ENE session to discuss matters such as the scheduling of the ENE session, the procedures to be followed, compensation of the neutral, the nature of the case, the content of the written ENE statements, and which client representatives will attend. The Evaluator may schedule additional joint pre-session calls as appropriate.

**Commentary**

If more than one pre-session phone conference is conducted, all counsel do not necessarily need to participate in every call but the lead counsel who will attend the ENE session must participate in at least one pre-session phone conference. See ADR L.R. 5-10(b).

## 5-8. Written ENE Statements

**(a)    Time for Submission.** No later than 7 days before the first ENE session unless otherwise directed by the Evaluator, each party must submit directly to the Evaluator, and must serve on all other parties, a written ENE Statement.

**(b)    Prohibition Against Filing.** The statements constitute confidential information as defined in ADR L.R. 5-12, must not be filed and the assigned Judge shall not have access to them.

**(c)    Content of Statement.** The statements must be concise, may include any information that may be useful to the Evaluator, and must, unless otherwise directed by the Evaluator:

**(1)    Identify, by name and title or status:

**(A)** The person(s) with decision-making authority, who, in addition to counsel, will attend the ENE session as representative(s) of the party, and

**(B)** Persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the ENE session or the prospects for settlement;

**(2)** Describe briefly the substance of the suit, addressing the party's views of the key liability issues and damages and discussing the key evidence;

**(3)** Address whether there are legal or factual issues whose early resolution would reduce significantly the scope of the dispute or contribute to settlement negotiations;

**(4)** Identify the discovery that is necessary to equip the parties for meaningful settlement negotiations; and

**(5)** Include copies of documents out of which the suit arose (e.g., contracts), or whose availability would materially advance the purposes of the Evaluation session, (e.g., medical reports or documents by which special damages might be determined).

### 5-9.  Special Provisions for Patent, Copyright, or Trademark Cases

Unless otherwise directed by the Evaluator, the following provisions apply to the written ENE statements submitted under ADR L.R. 5-8.

**(a)  Patent Cases.** When a claim in a case alleges infringement of a utility patent, or when a party seeks a declaratory judgment that a utility patent is not infringed, is invalid, or is unenforceable, each party must attach to its written ENE statement a copy of each document the party has been required to generate (by the date the written ENE statements are due) under Patent L.R. 3-1, 3-3, or 3-5(a), or under any case-specific order modifying the requirements of these provisions of the Patent Local Rules. A party whose duty has arisen only under Patent L.R. 3-5(a) may satisfy the requirements hereby imposed by attaching to its written ENE statement a copy of documents it was required to generate under Patent L.R. 3-3.

**(b)  Copyright Cases.** To the extent then known or readily available and feasible, a party who bases a claim on copyright must include as exhibits the copyright registration (or, if there is no relevant copyright registration yet, the relevant copyright application) and one or more demonstrative exemplars of the copying and infringement. Such party must also present whatever direct or indirect evidence it has of copying, and shall indicate whether it intends to elect statutory or actual damages. Each party in a copyright case who is accused of infringing shall set forth in its written statement the dollar volume of sales of and profits from the allegedly infringing works that it and any entities for which it is legally responsible have made.

**(c)  Trademark Cases.** To the extent then known or readily available and feasible, a party who bases a claim on trademark or trade dress infringement, or on other unfair competition, must include as an exhibit its registration, if any, exemplars of both its use of its mark and use of the allegedly infringing mark, both including a description or representation of the goods or services on or in connection with which the marks are used, and any evidence it has of actual confusion. If "secondary meaning" is in issue, such a party must also describe the nature and extent of the advertising it has done with its mark and the volume of goods it has sold under its mark. Both parties must describe in their Evaluation statements how the consuming public is exposed to their respective marks and goods or services, including, if available, photographic or other demonstrative

evidence. Each party in a trademark or unfair competition case who is accused of infringement must set forth the dollar volume of sales of and profits from goods or services bearing the allegedly infringing mark.

## 5-10. Attendance at Session

(a) **Parties.** All named parties and their counsel are required to attend the ENE session in person unless excused under paragraph (d) below. This requirement reflects the Court's view that the principal values of ENE include affording litigants opportunities to articulate directly to other parties and a neutral their positions and interests and to hear, first hand, both their opponent's version of the matters in dispute and a neutral assessment of the merits of the case and the relative strengths of each party's legal positions.

(1) **Corporation or Other Non-Governmental Entity.** A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case. If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the Evaluator at least 14 days before the ENE session will occur. This required disclosure must identify the board, committee, body, or persons in whom final settlement authority is vested. In this instance the party must send the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

(2) **Government Entity.** A unit or agency of government satisfies this attendance requirement if represented by a person (in addition to counsel of record) who has, to the greatest extent feasible, authority to settle, and who is knowledgeable about the facts of the case, the governmental unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements. If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend.

(b) **Counsel.** Each party must be accompanied at the ENE session by the lawyer who will be primarily responsible for handling the trial of the matter.

(c) **Insurers.** Insurer representatives are required to attend in person unless excused under paragraph (d) below, if they have accepted coverage, or the duty to defend, even if subject to a reservation of rights.

(d) **Request to be Excused.** A person who is required to attend an ENE session may be excused from attending in person only after a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. A person seeking to be excused must submit, no fewer than 14 days before the date set for the session, a letter to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_Attendance@cand.uscourts.gov, simultaneously copying all counsel and the Evaluator. The letter must:

(1) Set forth all considerations that support the request;

(2) State realistically the amount in controversy in the case;

(3) Identify by name and title or status the individual(s) seeking to be excused;

**(4)** Identify by name and title or status all those persons who will attend;

**(5)** Identify by name and title or status the person(s) with decision-making authority, and

**(6)** Indicate whether the other party or parties and the Evaluator join in or object to the request.

The request may not be filed or disclosed to the assigned Judge.

**(e)** **Opposing a Request to be Excused or Seeking to Compel Attendance by an Appropriate Party Representative.**

**(1)** A party who opposes another party's request to be excused from attending in person an ENE session may submit to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_Attendance@cand.uscourts.gov, within 4 days of receiving a copy of the request, a letter setting forth all grounds for the opposition. Such a letter must be served simultaneously on all parties and the Evaluator– and may not be filed or disclosed to the assigned Judge.

**(2)** A party who alleges that another party will not be represented at an ENE session by an appropriate representative may submit to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_Attendance@cand.uscourts.gov, as far in advance of the session as practicable, a letter setting forth the bases for this allegation, along with a proposed order. Within 4 days of receiving a copy of such a letter, the party so challenged may submit to the ADR Magistrate Judge a responsive letter. Such letters must be sent to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_Attendance@cand.uscourts.govand served simultaneously on all other parties and the Evaluator – and may not be filed or disclosed to the assigned Judge.

**(f)** **Participation by Telephone.** Unless otherwise ordered, a person excused from appearing in person at an ENE session must participate by telephone for the duration of the session or until excused by the neutral.

**Commentary**

Ordinarily, a corporation or other entity, including a governmental entity or an insurer, satisfies the attendance requirement by sending a person or persons who can agree to a settlement without the necessity of gaining approval from anyone else. Exceptions to this general practice must be disclosed and addressed in advance of the session.

## 5-11. Procedure at ENE Session

**(a)** **Components of ENE Session.** The Evaluator shall:

**(1)** Permit each party (through counsel or otherwise), orally and through documents or other media, to present its claims or defenses and to describe the principal evidence on which they are based;

**(2)** Help the parties identify areas of agreement and, where feasible, enter stipulations;

**(3)** Assess the relative strengths and weaknesses of the parties' contentions and evidence, and explain carefully the reasoning that supports these assessments;

**(4)** Estimate, where feasible, the likelihood of liability and the dollar range of damages;

    **(5)**    Help the parties devise a plan for sharing the important information and/or conducting the key discovery that will equip them as expeditiously as possible to enter meaningful settlement discussions or to position the case for disposition by other means;

    **(6)**    Help the parties assess litigation costs realistically;

    **(7)**    If the parties are interested, help them, through private caucusing or otherwise, explore the possibility of settling the case; and

    **(8)**    Determine whether some form of follow up to the session would contribute to the case development process or to settlement.

  **(b)**    **Process Rules.** The session shall be informal. Rules of evidence shall not apply. There shall be no formal examination or cross-examination of witnesses and no recording of the presentations or discussion shall be made.

  **(c)**    **Evaluation and Settlement Discussions.** If all parties agree, they may proceed to discuss settlement after the evaluation has been written but before it is presented. The evaluation must be presented orally on demand by any party. Copies of the written evaluation may be provided to the parties at the discretion of the Evaluator. The parties also may agree to discuss settlement after the evaluation has been presented.

### 5-12. Confidentiality

  **(a)**    **Confidential Treatment.** Except as provided in subdivision (b) of this local rule, this Court, the Evaluator, all counsel and parties, and any other persons attending the ENE session shall treat as "confidential information" the contents of the written ENE Statements, anything that was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any ENE session. "Confidential information" shall not be:

    **(1)**    Disclosed to anyone not involved in the litigation;

    **(2)**    Disclosed to the assigned Judge; or

    **(3)**    Used for any purpose, including impeachment, in any pending or future proceeding in this Court.

  **(b)**    **Limited Exceptions to Confidentiality.** This rule does not prohibit:

    **(1)**    Disclosures as may be stipulated by all parties and the Evaluator;

    **(2)**    Disclosure of the terms of a fully executed settlement agreement signed during or arising out of the ENE session;

    **(3)**    Disclosures made in a subsequent confidential ADR or settlement proceeding under these Rules;

    **(4)**    A report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2-4 regarding a possible violation of the ADR Local Rules;

    **(5)**    The Evaluator from discussing the ENE session with the Court's ADR staff, who must maintain the confidentiality of the ENE session;

    **(6)**    Any participant or the Evaluator from responding to an appropriate request for information duly made by persons authorized by the Court to monitor or evaluate the Court's ADR program in accordance with ADR L.R. 2-6; or

    **(7)**    Disclosures as are otherwise required by law.

**(c)** **Confidentiality Agreement.** The Evaluator may ask the parties and all persons attending the ENE session to sign a confidentiality agreement on a form provided by the Court.

**Commentary**

Ordinarily, anything that was said in connection with an ENE session is to be treated as confidential in the same manner and for the same reasons as with Mediation. Please see the legal authorities cited in the commentary to ADR Local Rule 6-12(c).

## 5-13. Follow Up

**(a)** **Discussion at Close of ENE.** At the close of the ENE session, the Evaluator and the parties shall discuss whether it would be beneficial to schedule any follow up to the session.

**(b)** **Follow Up the Evaluator May Order.** The Evaluator may order these kinds of follow up without stipulation:

  **(1)** Responses to settlement offers or demands;

  **(2)** A focused phone conference;

  **(3)** Exchanges of letters between counsel addressing specified legal or factual issues; or

  **(4)** Written or telephonic reports to the Evaluator, e.g., describing how discovery or other events occurring after the ENE session have affected a party's analysis of the case or position with respect to settlement.

**(c)** **Stipulation to Follow Up Session.** With the consent of all parties, the Evaluator may schedule one or more follow up ENE sessions that may include additional evaluation, settlement discussions, or case development planning.

**(d)** **Limitations on Authority of Evaluator.** Evaluators have no authority to compel parties to conduct or respond to discovery or to file motions. Nor do Evaluators have authority to determine what the issues in any case are, to impose limits on parties' pretrial activities, or to impose sanctions.

## 5-14. Certification of Session

Within 14 days of the close of each ENE session, and on the form Certification of Session provided by the Court, the Evaluator must report to the ADR Unit: the date of the session, whether any follow up is scheduled, and whether the case settled in whole or in part. The ADR Unit will enter this information on the docket.

# 6.  MEDIATION

## 6-1.  Description

Mediation is a flexible, non-binding, confidential process in which a neutral person (the mediator) facilitates settlement negotiations. The mediator improves communication across party lines, helps parties articulate their interests and understand those of their opponent, probes the strengths and weaknesses of each party's legal positions, identifies areas of agreement and helps generate options for a mutually agreeable resolution to the dispute. The mediator generally does not give an overall evaluation of the case. A hallmark of Mediation is its capacity to expand traditional settlement discussion and broaden resolution options, often by exploring litigant needs and interests that may be formally independent of the legal issues in controversy.

## 6-2.  Eligible Cases

Subject to the availability of administrative resources and of a suitable mediator, appropriate civil cases may be referred to Mediation by order of the assigned Judge following a stipulation by all parties, on motion by a party under Civil L.R. 7, or on the Judge's initiative.

## 6-3.  Mediators

**(a)   Appointment.** After entry of an order referring a case to Mediation, the ADR Unit will appoint from the Court's panel a mediator who is available during the appropriate period and has no apparent conflict of interest. The Court will notify the parties of the appointment. The rules governing conflicts of interest and the procedure for objecting to a mediator are set forth in ADR L.R. 2-5(d). The procedures for party input into the selection process are posted on the ADR website at www.cand.uscourts.gov/adr.

**(b)   Standards of Conduct.** Mediators on the Court's panel agree to adhere to applicable standards of professional conduct as may be officially adopted by the Court.

**(c)   Compensation.** Mediators shall volunteer up to two hours of preparation time and the first four hours in a Mediation. After four hours of Mediation, the mediator may (1) continue to volunteer his or her time or (2) give the parties the option of either concluding the proceeding or paying the mediator. The proceeding will continue only if all parties and the mediator agree. If all parties agree to continue, the mediator may then charge his or her hourly rate or such other rate that all parties agree to pay. If more substantial preparation by the mediator is desired, the parties may discuss appropriate alternative payment arrangements with the mediator. Alternative arrangements must be approved by the ADR Legal Staff. No party may offer or give the mediator any gift.

**(d)   Payment.** All terms and conditions of payment must be clearly communicated to the parties. The parties may agree to pay the fee in other than equal portions. The parties must pay the mediator directly, or the mediator's law firm or employer, as directed by the mediator. On a form questionnaire provided by the Court, the mediator must promptly report to the ADR Unit the amount of any payment received.

## 6-4.  Timing and Scheduling the Mediation

**(a) Scheduling by Mediator.** Promptly after being appointed to a case, the mediator must arrange for the pre-Mediation conference under ADR L.R. 6-6 and, after consulting with all parties, must fix the date and place of the Mediation within the deadlines set by paragraph (c) below, or the order referring the case to Mediation.

**(b) Cooperating with the Mediator.** Counsel must respond promptly to and cooperate fully with the mediator with respect to scheduling the pre-session phone conference and the Mediation session.

**(c) Deadline for Conducting Mediation.** Unless otherwise ordered, the Mediation must be held within 90 days after the entry of the order referring the case to Mediation.

## 6-5.   Request To Extend the Deadline

**(a) Motion Required.** Requests for extension of the deadline for conducting a Mediation must be made no later than 14 days before the session is to be held and must be directed to the assigned Judge, in a motion or stipulation and proposed order under Civil L.R. 7, with a copy to the other parties, the mediator (if appointed) and the ADR Unit.

**(b) Content of Motion.** Such motion must:

**(1)** Detail the considerations that support the request;

**(2)** Indicate whether the other parties concur in or object to the request; and

**(3)** Be accompanied by a proposed order setting forth a new deadline by which the Mediation shall be held.

## 6-6.   Phone Conference Before Mediation

The mediator must schedule a brief joint phone conference before the Mediation session with counsel who will attend the Mediation session to discuss matters such as the scheduling of the Mediation, the procedures to be followed, compensation of the neutral, the nature of the case, the content of the written Mediation statements, and which client representatives will attend. The mediator may schedule additional pre-session calls either jointly or separately as appropriate.

**Commentary**

If more than one pre-session phone conference is conducted, all counsel do not necessarily need to participate in every call but the lead counsel who will attend the Mediation session must participate in at least one pre-session phone conference. *See* ADR L.R. 6-10(b).

## 6-7.   Written Mediation Statements

**(a) Time for Submission.** No later than 7 days before the first Mediation session, unless otherwise directed by the mediator, each party must submit directly to the mediator, and must serve on all other parties, a written Mediation Statement.

**(b) Prohibition Against Filing.** The statements constitute confidential information as defined in ADR L.R. 6-12, must not be filed and the assigned Judge shall not have access to them.

**(c) Content of Statement.** The statements must be concise, may include any information that may be useful to the mediator, and must, unless otherwise directed by the mediator:

**(1)** Identify, by name and title or status:

**(A)** The person(s) with decision-making authority, who, in addition to counsel, will attend the Mediation as representative(s) of the party, and

**(B)** Persons connected with a party opponent (including an insurer representative) whose presence might substantially improve the utility of the Mediation or the prospects for settlement;

(2) Describe briefly the substance of the suit, addressing the party's views of the key liability issues and damages and discussing the key evidence;

(3) Identify the discovery or motions that promise to contribute most to equipping the parties for meaningful settlement negotiations;

(4) Except to the extent prohibited by applicable laws of privilege or by these local rules, describe the history and current status of any settlement negotiations;

(5) Provide additional information about any needs, interests or other considerations not described elsewhere in the statement that might be pertinent to settlement; and

(6) Include copies of documents likely to make the Mediation more productive or to materially advance settlement prospects.

**Commentary**

Ordinarily, parties should be able to include in their Mediation statements a description of the history and status of any settlement negotiations. An exception may exist for negotiations held during a prior Mediation or ENE session, if all parties do not agree to the disclosure of these negotiations. *See* ADR L.R. 5-12 and 6-12. Such prohibitions are distinct from rules prohibiting the admission into evidence of settlement offers and demands which ordinarily would not prevent inclusion of the settlement history in a Mediation statement. *See, e.g.*, Fed. R. Evid. 408.

## 6-8. Special Provisions for Patent, Copyright, or Trademark Cases

Unless otherwise directed by the mediator, the following provisions apply to the written Mediation statements submitted under ADR L.R. 6-7.

(a) **Patent Cases.** When a claim in a case alleges infringement of a utility patent, or when a party seeks a declaratory judgment that a utility patent is not infringed, is invalid, or is unenforceable, each party must attach to its written Mediation statement a copy of each document the party has been required to generate (by the date the written Mediation statements are due) under Patent L.R. 3-1, 3-3, or 3-5(a), or under any case-specific order modifying the requirements of these provisions of the Patent Local Rules. A party whose duty has arisen only under Patent L.R. 3-5(a) may satisfy the requirements hereby imposed by attaching to its written Mediation statement a copy of documents it was required to generate under Patent L.R. 3-3.

(b) **Copyright Cases.** To the extent then known or readily available and feasible, a party who bases a claim on copyright must include as exhibits the copyright registration (or, if there is no relevant copyright registration yet, the relevant copyright application) and one or more demonstrative exemplars of the copying and infringement. Such party must also present whatever direct or indirect evidence it has of copying, and shall indicate whether it intends to elect statutory or actual damages. Each party in a copyright case who is accused of infringing shall set forth in its written statement the dollar volume of sales of and profits from the allegedly infringing works that it and any entities for which it is legally responsible have made.

(c) **Trademark Cases.** To the extent then known or readily available and feasible, a party who bases a claim on trademark or trade dress infringement, or on other unfair competition, must include as an exhibit its registration, if any, exemplars of both its use of its mark and use of the allegedly infringing mark, both including a description or representation of the goods or services on or in connection with which the marks are used, and any evidence it has of actual confusion. If "secondary meaning" is in issue, such a party must also describe the nature and extent of the advertising it has done with

its mark and the volume of goods it has sold under its mark. Both parties must describe in their Mediation statements how the consuming public is exposed to their respective marks and goods or services, including, if available, photographic or other demonstrative evidence. Each party in a trademark or unfair competition case who is accused of infringement must set forth the dollar volume of sales of and profits from goods or services bearing the allegedly infringing mark.

**6-9.  Contact with Mediator Before the Mediation**

Before the Mediation, the mediator may ask each party to submit only to the mediator an additional confidential written statement or may discuss the case in confidence with a lawyer (and a party representative as appropriate) by telephone. Confidential Mediation statements may address such matters as the party's views about his/her own interests, the interests of the other side, analysis of the best and worst alternatives to a negotiated settlement, the strengths and weaknesses of the legal case, and an estimated budget to litigate the case. The mediator must not disclose any party's confidential communication without permission.

**6-10.  Attendance at Session**

  **(a)**   **Parties.** All named parties and their counsel are required to attend the Mediation in person unless excused under paragraph (d) below. This requirement reflects the Court's view that the principal values of Mediation include affording litigants opportunities to articulate directly to the other parties and a neutral their positions and interests and to hear, first hand, their opponent's version of the matters in dispute. Mediation also enables parties to search directly with their opponents for mutually agreeable solutions.

  **(1)**   **Corporation or Other Non-Governmental Entity.** A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case. If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the mediator at least 14 days before the Mediation session will occur. This required disclosure must identify the board, body, or persons in whom final settlement authority is vested. In this instance the party must send the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

  **(2)**   **Government Entity.** A unit or agency of government satisfies this attendance requirement if represented by a person (in addition to counsel of record) who has, to the greatest extent feasible, authority to settle, and who is knowledgeable about the facts of the case, the governmental unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements. If the action is brought by the government on behalf of one or more individuals, at least one such individual also must attend.

  **(b)**   **Counsel.** Each party must be accompanied at the Mediation by the lawyer who will be primarily responsible for handling the trial of the matter.

  **(c)**   **Insurers.** Insurer representatives are required to attend in person unless excused under paragraph (d) below, if they have accepted coverage, or the duty to defend, even if subject to a reservation of rights.

**(d)**    **Request to be Excused.** A person who is required to attend a Mediation may be excused from attending in person only after a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. A person seeking to be excused must submit, no fewer than 14 days before the date set for the Mediation, a letter to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_Attendance@cand.uscourts.gov, simultaneously copying all counsel and the mediator. The letter must:

    **(1)**    Set forth all considerations that support the request;

    **(2)**    State realistically the amount in controversy in the case;

    **(3)**    Identify by name and title or status the individual(s) seeking to be excused;

    **(4)**    Identify by name and title or status all those persons who will attend;

    **(5)**    Identify by name and title or status the person(s) with decision-making authority, and

    **(6)**    Indicate whether the other party or parties and the mediator join in or object to the request.

The request may not be filed or disclosed to the assigned Judge.

**(e)**    **Opposing a Request to be Excused or Seeking to Compel Attendance by an Appropriate Party Representative.**

    **(1)**    A party who opposes another party's request to be excused from attending in person a Mediation session may submit to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_Attendance@cand.uscourts.gov, within 4 days of receiving a copy of the request, a letter setting forth all grounds for the opposition. Such a letter must be served simultaneously on all other parties and the mediator – and may not be filed or disclosed to the assigned Judge.

    **(2)**    A party who alleges that another party will not be represented at a Mediation session by an appropriate representative may submit to the ADR Magistrate Judge, as far in advance of the session as practicable, a letter setting forth the bases for this allegation. Within 4 days of receiving a copy of such a letter, the party so challenged may submit to the ADR Magistrate Judge a responsive letter. Such letters must be sent to the ADR Magistrate Judge in care of the ADR Unit at the address listed in ADR L.R. 2-1(c), or emailed to ADR_Attendance@cand.uscourts.gov and served simultaneously on all other parties and the mediator – and may not be filed or disclosed to the assigned Judge.

**(f)**    **Participation by Telephone.** Unless otherwise ordered, a person excused from appearing in person at a Mediation must participate by telephone for the duration of the session or until excused by the neutral.

**Commentary**

Ordinarily, a corporation or other entity, including a governmental entity or an insurer, satisfies the attendance requirement by sending a person or persons who can agree to a settlement without the necessity of gaining approval from anyone else. Exceptions to this general practice must be disclosed and addressed in advance of the session.

## 6-11. Procedure at Mediation

 **(a)** **Procedure.** The Mediation shall be informal. Mediators shall have discretion to structure the Mediation so as to maximize the benefits of the process.

 **(b)** **Separate Caucuses.** The mediator may hold separate, private caucuses with each side or each lawyer or, if the parties agree, with the clients only. The mediator may not disclose communications made during such a caucus to another party or counsel without the consent of the party who made the communication.

## 6-12. Confidentiality

 **(a)** **Confidential Treatment.** Except as provided in subdivision (b) of this local rule, this Court, the mediator, all counsel and parties, and any other persons attending the Mediation shall treat as "confidential information" the contents of the written Mediation Statements, anything that was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any Mediation. "Confidential information" shall not be:

  **(1)** Disclosed to anyone not involved in the litigation;

  **(2)** Disclosed to the assigned Judge or

  **(3)** Used for any purpose, including impeachment, in any pending or future proceeding in this Court.

 **(b)** **Limited Exceptions to Confidentiality.** This rule does not prohibit:

  **(1)** Disclosures as may be stipulated by all parties and the mediator;

  **(2)** Disclosure of the terms of a fully executed settlement agreement signed during or arising out of the Mediation;

  **(3)** Disclosures made in a subsequent confidential ADR or settlement proceeding;

  **(4)** A report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2-4 regarding a possible violation of the ADR Local Rules;

  **(5)** The mediator from discussing the Mediation with the Court's ADR staff, who must maintain the confidentiality of the Mediation;

  **(6)** Any participant or the mediator from responding to an appropriate request for information duly made by persons authorized by the Court to monitor or evaluate the Court's ADR program in accordance with ADR L.R. 2-6;

  **(7)** Disclosures as are otherwise required by law.

 **(c)** **Confidentiality Agreement.** The mediator may ask the parties and all persons attending the Mediation to sign a confidentiality agreement on a form provided by the Court.

### Commentary

Ordinarily, anything that was said in connection with a Mediation is confidential. *See, e.g.,* Fed. R. Evid. 408; *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164 (C.D. Cal. 1998); Cal. Evid. Code §§ 703.5 and 1115-28; *Simmons v. Ghaderi*, 44 Cal.4th 570 (2008)*; Rojas v. Superior Court*, 33 Cal. 4th 407 (2004); *Foxgate Homeowner's Assn. v. Bramalea California, Inc*., 26 Cal.4th 1 (2001). The law may provide some limited circumstances in which the need for disclosure outweighs the importance of protecting the confidentiality of a Mediation. *E.g.,* threats of death or substantial bodily injury (*see* Or. Rev. Stat. § 36.220(6)); use of Mediation to commit a felony (*see* Colo. Rev. Stat. § 13-22-307); right to effective cross examination in a quasi-

criminal proceeding (*see Rinaker v. Superior Court,* 62 Cal.App.4th 155 (3d Dist. 1998); lawyer duty to report misconduct (*see In re Waller,* 573 A.2d 780 (D.C. App. 1990); need to prevent manifest injustice (*see* Ohio Rev. Code § 2317.023(c)(4); *see also* Uniform Mediation Act, § 6 (2001). Accordingly, after application of legal tests which are appropriately sensitive to the policies supporting the confidentiality of Mediation proceedings, the Court may consider whether the interest in Mediation confidentiality outweighs the asserted need for disclosure. *See* amended opinion in *Olam v. Congress Mortgage Co.,* 68 F. Supp. 2d 1110 (N.D. Cal. 1999). Nothing in this commentary is intended to imply that, absent truly exigent circumstances, confidential matters may be disclosed without prior approval by the Court.

### 6-13. Follow Up

At the close of the Mediation session, the mediator and the parties shall jointly determine whether it would be appropriate to schedule some type of follow up. Such follow up could include, but need not be limited to, written or telephonic reports that the parties might make to one another or to the mediator, exchange of specified kinds of information, or another Mediation session.

### 6-14. Certification of Session

Within 14 days of the close of each Mediation session and on the form Certification of Session provided by the Court, the mediator must report to the ADR Unit: the date the session was held, whether the case settled in whole or in part, and whether any follow up is scheduled. The ADR Unit will enter this information on the docket.

# 7.  SETTLEMENT CONFERENCES

## 7-1.  Description

In a settlement conference, a judicial officer, usually a Magistrate Judge, facilitates the parties' efforts to negotiate a settlement. Some settlement Judges use Mediation techniques in the settlement conference to improve communication among the parties, probe barriers to settlement, and assist in formulating resolutions. A settlement Judge might articulate views about the merits of the case or the relative strengths and weaknesses of the parties' legal positions.

## 7-2.  Referral to a Settlement Conference

Cases are referred to a settlement conference by order of the assigned Judge following a written stipulation by all parties, on motion by a party under Civil L.R. 7, or the Judge's initiative. A settlement conference generally will be conducted by a Magistrate Judge, but in some limited circumstances may be conducted by a District Judge. Upon written stipulation of all parties, the assigned Judge, in the exercise of his or her discretion, may conduct a settlement conference.

**(a)**   **Timing.** A party may request a settlement conference at any time after the action has been commenced.

**(b)**   **Referral to a Settlement Judge.** The parties may stipulate to a preference for one or more particular Magistrate Judges or District Judges. The Court will attempt to honor the preference, subject to intra-division needs and the availability of the Magistrate Judges and District Judges.

## 7-3.  Directives from the Settlement Judge

Within any constraints fixed by the referring Judge, the settlement Judge shall notify the parties of the time and date of the settlement conference. The settlement Judge also shall notify the parties of his or her requirements for pre-conference submissions and for attendance at the settlement conference. The settlement Judge may order parties to attend. Unless the settlement Judge otherwise specifies, "attendance" at a settlement conference is governed by the following:

**(a)**   **Corporation or Other Non-Governmental Entity.** A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a person (other than outside counsel) who has final authority to settle and who is knowledgeable about the facts of the case. If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the settlement Judge at least 14 days before the settlement conference will occur. This required disclosure must identify the board, body, or persons in whom final settlement authority is vested. In this instance the party must send the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

**(b)**   **Government Entity.** A unit or agency of government satisfies this attendance requirement if represented by a person (in addition to counsel of record) who has, to the greatest extent feasible, authority to settle, and who is knowledgeable about the facts of the case, the governmental unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements. If the action is

brought by the government on behalf of one or more individuals, at least one such individual also must attend.

**(c)**   **Insurers.** Unless excused by the settlement Judge, insurer representatives are required to attend in person if they have accepted coverage, or the duty to defend, even if subject to a reservation of rights.

**Commentary**

Ordinarily, a corporation or other entity, including a governmental entity or an insurer, satisfies the attendance requirement by sending a person or persons who can agree to a settlement without the necessity of gaining approval from anyone else. Exceptions to this general practice must be disclosed and addressed in advance of the settlement conference.

## 7-4.   Settlement Conference Confidentiality

**(a)**   **Confidential Treatment.** Except as provided by a case-specific order entered in advance of the settlement conference or in subdivision (b) of this local rule, this Court, the settlement Judge, all counsel and parties, and any other persons attending the settlement conference shall treat as "confidential information" the contents of any written settlement conference statements, anything that was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any settlement conference. "Confidential information" shall not be:

**(1)**   Disclosed to anyone not involved in the litigation;

**(2)**   Disclosed to the assigned Judge; or

**(3)**   Used for any purpose, including impeachment, in any pending or future proceeding in this Court.

**(b)**   **Limited Exceptions to Confidentiality.** This rule does not prohibit:

**(1)**   Disclosures as may be stipulated by all parties;

**(2)**   Disclosure of the terms of a fully executed or binding settlement agreement on the record arising out of the Settlement Conference;

**(3)**   Disclosures made in a subsequent confidential ADR or settlement proceeding;

**(4)**   The settlement Judge from discussing the settlement conference with the Court's ADR staff, who must maintain the confidentiality of the settlement conference;

**(5)**   Any participant or the settlement Judge from responding to an appropriate request for information duly made by persons authorized by the Court to monitor or evaluate the Court's ADR program in accordance with ADR L.R. 2-6;

**(6)**   Disclosures as are necessary to preserve the Court's capacity to enforce lawful orders or to discipline contumacious conduct; or

**(7)**   Disclosures as otherwise required by law.

**Commentary**

It is the established practice in this district that a settlement Judge does not, formally or informally, disclose to the assigned Judge the substance of any settlement discussions. See Commentary for ADR L.R. 6-12.

# 8.   OTHER ADR PROCESSES

## 8-1.   Other Court ADR Processes

**(a)**   **Non-binding Arbitration.** Non-binding arbitration is an adjudicative process in which an arbitrator or a panel of three arbitrators issues a non-binding judgment ("award" or "decision") on the merits after an expedited, adversarial hearing. Either party may reject the non-binding award or decision and request a trial *de novo*. Non-binding arbitration occurs earlier in the life of a case than a trial and is less formal and less expensive. Because testimony is taken under oath and is subject to cross-examination, arbitration can be especially useful in cases that turn on credibility of witnesses. Arbitrators do not facilitate settlement discussions. Parties considering a non-binding arbitration are encouraged to contact the ADR Unit for assistance in structuring a non-binding arbitration tailored to their case.

**(b)**   **Non-binding Summary Bench or Jury Trial.** A summary bench or jury trial is a flexible, non-binding process designed to promote settlement in complex, trial-ready cases headed for protracted trials. The process provides litigants and their counsel with an advisory verdict after a short hearing in which the evidence may be presented in condensed form, usually by counsel and sometimes through witnesses. This procedure, as ordinarily structured, provides the litigants an opportunity to ask questions and hear the reactions of the Judge or jury. The Judge's or jury's nonbinding verdict and reactions to the legal and factual arguments are used as bases for subsequent settlement negotiations. Parties considering a non-binding summary trial are encouraged to contact the ADR Unit for assistance in structuring a summary trial tailored to their case.

**(c)**   **Special Masters.** Under Fed. R.Civ. P. 53, the Court may appoint special masters to serve a wide variety of functions, including, but not limited to: discovery manager, fact finder or host of settlement negotiations. The Court may refer a case to a special master on its own initiative, on the request of a party, or upon stipulation of the parties. The precise roles and responsibilities of the special master shall be defined in the case specific order of reference. Generally the parties pay the special master's fees.

## 8-2.   Private ADR

There are numerous private sector providers of ADR services including arbitration, Mediation, fact-finding, neutral evaluation and private judging. Private providers may be lawyers, law professors, retired Judges or other professionals with expertise in dispute resolution techniques. Virtually all private sector providers charge fees for their services. The Court does not ordinarily refer cases to private providers except on the stipulation of the parties. The assigned Judge will take appropriate steps to assure that a referral to private ADR does not result in an imposition on any party of an unfair or unreasonable economic burden.

**Commentary**
Private ADR proceedings are not subject to the provisions of the ADR Local Rules
including attendance, confidentiality, enforcement, and immunity. See ADR L.R. 3-4(b).