CNA COVERAGE LITIGATION GROUP
ROBERT C. CHRISTENSEN (SBN 151296)
Email: robert.christensen@cna.com
555 12th Street, Suite 600
Oakland, CA  94607
Telephone:  510.645.2300  (Main)
                       510.645.2306 (Direct)
Facsimile:   510.645.2323

Attorneys for Defendant
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HURRICANE ELECTRIC, LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>NATIONAL FIRE INSURANCE<br>COMPANY OF HARTFORD,<br><br>                    Defendant. | Case No. 3:20-cv-05840-CRB<br><br>(Related to 3:20-CV-3813-CRB)<br><br>**ANSWER TO COMPLAINT** |

Defendant National Fire Insurance Company of Hartford  ("NFIC," or "Defendant"), by its undersigned counsel, hereby answers and responds to Plaintiff Hurricane Electric, LLC's ("Plaintiff") Complaint as follows:

1.      Paragraph 1 contains a legal conclusion setting forth the relief sought in the Complaint, to which no response is required.  To the extent that a response is required, Defendant admits that Hurricane Electric, LLC filed a lawsuit against the Dallas Buyers Club, LLC, et al., in the United States District Court for the Northern District of California, Case No. 4:20-cv-03813. Defendant denies all other allegations in Paragraph 1 and that the allegations provide a basis for the relief requested in the Complaint.

2.      Paragraph 2 contains a legal conclusion setting forth the relief sought in the Complaint, to which no response is required.  To the extent that a response is required, Defendant admits that Hurricane Electric, LLC filed a lawsuit against the Millennium Funding, Inc., et al., in the United States District Court for the District of Nevada, Case No. 2:20-cv-01034. Defendant denies all other allegations in Paragraph 2 and that the allegations provide a basis for the relief requested in the Complaint.

3.      Paragraph 3 does not contain an allegation to which a response is required. To the extent that a response is required, Defendant denies that the allegations of the Complaint a basis for the relief requested by Plaintiff.

4.      Paragraph 4 contains a legal conclusion, to which no response is required.  To the extent that a response is required, Defendant admits that it is an insurance company.  Defendant denies all other allegations in Paragraph 4 and that the allegations provide a basis for the relief requested in the Complaint.

5.      Defendant admits the allegations of Paragraph 5.

6.      In answer to Paragraph 6 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 6 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

7.      In answer to Paragraph 7 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 7 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

8.      In answer to Paragraph 8 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any

remaining allegations stated in Paragraph 8 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

9.   In answer to Paragraph 9 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 9 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

10.   In answer to Paragraph 10 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 10 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

11.   In answer to Paragraph 11 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 11 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

12.   In answer to Paragraph 12 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 12 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

13.     In answer to Paragraph 13 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 13 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

14.     Paragraph 14 of the Complaint contains a legal conclusion, to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 14.

15.     Paragraph 15 of the Complaint contains a legal conclusion, to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 15 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

16.     Paragraph 16 of the Complaint contains a legal conclusion, to which no response is required.  The March 19, 2020 letter speaks for itself.  To the extent that a response is required, Defendant denies any remaining allegations and that the allegations provide a basis for the relief requested in the Complaint.

17.     In answer to Paragraph 17 of the Complaint, the March 19, 2020 letter speaks for itself.  To the extent a further response is required, Defendant denies that the allegations provide a basis for the relief requested in the Complaint.

18.     In answer to Paragraph 18 of the Complaint, the documents attached to the Complaint speak for themselves. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 18 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

1    19.    In answer to Paragraph 19 of the Complaint, the documents attached to

2    the Complaint speak for themselves. To the extent that a response is required,

3    Defendant lacks knowledge or information sufficient to form a belief as to the truth

4    of any remaining allegations stated in Paragraph 19 and, based upon such lack of

5    information and belief, denies each and every allegation contained in said

6    paragraph.

7        20.    In answer to Paragraph 20 of the Complaint, Defendant admits that it

8    issued the policy placed at issue in this action, policy no. 5091119138, effective

9    January 24, 2015 to January 24, 2016 (the "Policy"), to Plaintiff located in

10   Fremont, California; and that Defendant is authorized to issue insurance policies in

11   California. Paragraph 20 contains legal conclusions to which no response is

12   required.  Defendant denies any remaining allegations of Paragraph 20.

13       21.    Paragraph 21 of the Complaint contains a legal conclusion, to which

14   no response is required.  To the extent that a response is required, Defendant lacks

15   knowledge or information sufficient to form a belief as to the truth of any

16   remaining allegations stated in Paragraph 21 and, based upon such lack of

17   information and belief, denies each and every allegation contained in said

18   paragraph.

19       22.    Paragraph 22 of the Complaint contains a legal conclusion, to which

20   no response is required.  To the extent that a response is required, Defendant denies

21   the allegations of Paragraph 22.

22       23.    Paragraph 23 of the Complaint contains a legal conclusion, to which

23   no response is required.  To the extent that a response is required, Defendant denies

24   the allegations of Paragraph 23.

25       24.    Paragraph 24 of the Complaint contains a legal conclusion, to which

26   no response is required.  To the extent that a response is required, Defendant denies

27   the allegations of Paragraph 24.

28

25.    In answer to Paragraph 25 of the Complaint, the March 19, 2020 letter speaks for itself. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 25 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

26.    In answer to Paragraph 26 of the Complaint, the complaint filed by Plaintiff in the "California Action" speaks for itself.  To the extent that a response is required, Defendant denies the allegations of Paragraph 26, and that the allegations provide a basis for the relief requested in the Complaint.

27.    Paragraph 27 contains a legal conclusion setting forth the relief sought in the Complaint, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 27 and that the allegations provide a basis for the relief requested in the Complaint.

28.    Paragraph 28 contains a legal conclusion setting forth the relief sought in the Complaint, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 28.

29.    Paragraph 29 contains a legal conclusion, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 29.

30.    Paragraph 30 contains a legal conclusion, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 30.

31.    In answer to Paragraph 31 of the Complaint, the complaints filed by Plaintiff in the "California Action" and "Nevada Action" speak for themselves.  To the extent that a response is required, Defendant denies any remaining allegations of Paragraph 31, and that the allegations provide a basis for the relief requested in the Complaint.

32.     In answer to Paragraph 32 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  The March 19, 2020 letter speaks for itself.   To the extent that a response is required, Defendant denies any remaining allegations of Paragraph 32, and that the allegations provide a basis for the relief requested in the Complaint.

33.     In answer to Paragraph 33 of the Complaint, the March 19, 2020 letter speaks for itself.  To the extent that a response is required, Defendant denies any remaining allegations of Paragraph 33, and that the allegations provide a basis for the relief requested in the Complaint.

34.     In answer to Paragraph 34 of the Complaint, the March 19, 2020 letter speaks for itself.  To the extent that a response is required, Defendant denies any remaining allegations of Paragraph 34, and that the allegations provide a basis for the relief requested in the Complaint.

35.     In answer to Paragraph 35 of the Complaint, the complaint filed by Plaintiff in the "California Action" and "Nevada Action" speak for themselves.  To the extent that a response is required, Defendant denies any remaining allegations of Paragraph 35, and that the allegations provide a basis for the relief requested in the Complaint.

36.     Defendant denies the allegations of Paragraph 36.

37.     In answer to Paragraph 37 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service. The March 19, 2020 letter speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 37 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

38.     In answer to Paragraph 38 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  The March 19, 2020 letter speaks for itself.   To the extent that a response is required,

1  Defendant lacks knowledge or information sufficient to form a belief as to the truth
2  of any remaining allegations stated in Paragraph 38 and, based upon such lack of
3  information and belief, denies each and every allegation contained in said
4  paragraph.

5  39.  In answer to Paragraph 39 of the Complaint, Defendant admits, upon
6  information and belief, that Plaintiff provides internet access or service. The March
7  19, 2020 letter speaks for itself.  To the extent that a response is required,
8  Defendant lacks knowledge or information sufficient to form a belief as to the truth
9  of any remaining allegations stated in Paragraph 39 and, based upon such lack of
10  information and belief, denies each and every allegation contained in said
11  paragraph.

12  40.  In answer to Paragraph 40 of the Complaint, Defendant admits, upon
13  information and belief, that Plaintiff provides internet access or service.  The March
14  19, 2020 letter speaks for itself.  Paragraph 40 contains legal conclusions, to which
15  no response is required.  To the extent that a response is required, Defendant denies
16  the allegations in Paragraph 40.

17  41.  In answer to Paragraph 41 of the Complaint, Defendant admits, upon
18  information and belief, that Plaintiff provides internet access or service.  The March
19  19, 2020 letter speaks for itself.  Defendant lacks knowledge or information
20  sufficient to form a belief as to the truth of any remaining allegations stated in
21  Paragraph 41 and, based upon such lack of information and belief, denies each and
22  every allegation contained in said paragraph.

23  42.  In answer to Paragraph 42 of the Complaint, Defendant admits, upon
24  information and belief, that Plaintiff provides internet access or service. The March
25  19, 2020 letter speaks for itself.  To the extent that a response is required,
26  Defendant denies any remaining allegations of Paragraph 42, and that the
27  allegations provide a basis for the relief requested in the Complaint.

28

43.     In answer to Paragraph 43 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service. The March 19, 2020 letter speaks for itself.  To the extent that a response is required, Defendant denies any remaining allegations of Paragraph 43, and that the allegations provide a basis for the relief requested in the Complaint.

44.     In answer to Paragraph 44 of the Complaint, the March 19, 2020 letter speaks for itself.  To the extent that a response is required, Defendant denies the allegations of Paragraph 44, and that the allegations provide a basis for the relief requested in the Complaint.

45.     In answer to Paragraph 45, Defendant admits that it issued the Policy. The Policy speaks for itself.  Defendant denies that the Policy attached as Exhibit 6 is a true and correct copy of the Policy. To the extent that a response is required, Defendant denies any remaining allegations of Paragraph 45, and that the allegations provide a basis for the relief requested in the Complaint.

46.     In answer to Paragraph 46, Defendant admits that it issued the Policy. The Policy speaks for itself.  Defendant denies that the Policy attached as Exhibit 6 is a true and correct copy of the Policy. To the extent that a response is required, Defendant admits that Paragraph 46 of the Complaint includes certain partial quotations from the Policy but denies that those partial quotations fully define the coverage provided by the Policy, which is determined by all applicable Policy terms and conditions.  Defendant denies any remaining allegations in Paragraph 46 of the Complaint.

47.     In answer to Paragraph 47, Defendant admits that it received notice of Plaintiff's tender of defense.  The notice to Defendant speaks for itself.  To the extent that a response is required, Defendant denies any remaining allegations of Paragraph 47, and that the allegations provide a basis for the relief requested in the Complaint.

48.     In answer to Paragraph 48, Defendant admits that it acknowledged Plaintiff's tender of defense.  The acknowledgement speaks for itself.  To the extent that a response is required, Defendant denies any remaining allegations of Paragraph 48, and that the allegations provide a basis for the relief requested in the Complaint.

49.     In answer to Paragraph 49, Defendant admits that it provided its coverage position to Plaintiff in correspondence dated July 1, 2020.  The July 1, 2020 correspondence speaks for itself.  To the extent that a response is required, Defendant denies that Plaintiff accurately alleges the contents of the letter and denies any remaining allegations of Paragraph 49.

50.     In answer to Paragraph 50 of the Complaint, Defendant admits that it declined coverage and did not consent to mediation.  The remaining allegations are a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations of Paragraph 50.

51.     In answer to Paragraph 51, Defendant admits that it provided its coverage position to Plaintiff in correspondence dated July 1, 2020.  The July 1, 2020 correspondence speaks for itself.  To the extent that a response is required, Defendant denies that Plaintiff accurately alleges the contents of the letter and denies any remaining allegations of Paragraph 51.

52.      In answer to Paragraph 52 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph 52 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

53.     Paragraph 53 of the Complaint contains partial quotations of a Local Rule, to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations of Paragraph 53 and that the allegations provide a basis for the relief requested in the Complaint.

54.    In answer to Paragraph 54 of the Complaint, Defendant admits that it did not consent to mediation.   To the extent a response is required, Defendant denies the remaining allegations of Paragraph 54 and that the allegations provide a basis for the relief requested in the Complaint.

55.    In answer to Paragraph 55 of the Complaint, Defendant admits that it did not consent to mediation.   Paragraph 55 contains a legal conclusion, to which no response is required.   To the extent a response is required, Defendant denies the remaining allegations of Paragraph 55 and that the allegations provide a basis for the relief requested in the Complaint.

56.    Paragraph 56 of the Complaint contains a legal conclusion, to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 56 and that the allegations provide a basis for the relief requested in the Complaint.

57.    Paragraph 57 of the Complaint contains a legal conclusion, to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 57 and that the allegations provide a basis for the relief requested in the Complaint.

58.    Paragraph 58 of the Complaint contains a legal conclusion, to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 58 and that the allegations provide a basis for the relief requested in the Complaint.

59.    Paragraph 59 of the Complaint contains a legal conclusion, to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 59 and that the allegations provide a basis for the relief requested in the Complaint.

60.    Paragraph 60 of the Complaint contains a legal conclusion, to which no response is required.   To the extent a response is required, Defendant denies the

1    allegations of Paragraph 60 and that the allegations provide a basis for the relief
2    requested in the Complaint.

3        61.    In answer to Paragraph 61, Defendant admits that it issued the Policy.
4    The Policy speaks for itself.  Defendant denies that the Policy, attached as Exhibit
5    6, is a true and correct copy of the Policy. To the extent that a response is required,
6    Defendant admits that Paragraph 61 of the Complaint includes certain partial
7    quotations from the Policy but denies that those partial quotations fully define the
8    coverage provided by the Policy, which is determined by all applicable Policy terms
9    and conditions.  Defendant denies any remaining allegations in Paragraph 61 of the
10   Complaint.

11       62.    In answer to Paragraph 62, Defendant admits that it issued the Policy.
12   The Policy speaks for itself.  Defendant denies that the Policy attached as Exhibit 6
13   is a true and correct copy of the Policy. To the extent that a response is required,
14   Defendant admits that Paragraph 62 of the Complaint includes certain partial
15   quotations from the Policy but denies that those partial quotations fully define the
16   coverage provided by the Policy, which is determined by all applicable Policy terms
17   and conditions.  Defendant denies any remaining allegations in Paragraph 62 of the
18   Complaint.

19       63.    Paragraph 63 of the Complaint contains a legal conclusion, to which
20   no response is required. To the extent a response is required, the Policy speaks for
21   itself.  Defendant denies any remaining allegations of Paragraph 63.

22       64.    In answer to Paragraph 64 of the Complaint, Defendant admits, upon
23   information and belief, that Plaintiff provides internet access or service.  The March
24   19, 2020 letter speaks for itself.  Paragraph 64 of the Complaint contains a legal
25   conclusion, to which no response is required. To the extent a response is required,
26   Defendant denies any remaining allegations of Paragraph 64 and that the allegations
27   provide a basis for the relief requested in the Complaint.

28

65.     Paragraph 65 of the Complaint contains a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations of Paragraph 65 and that the allegations provide a basis for the relief requested in the Complaint.

66.     Paragraph 66 of the Complaint contains a legal conclusion, to which no response is required.  The March 19, 2020 letter speaks for itself.  To the extent a response is required, Defendant denies any remaining allegations of Paragraph 66 and that the allegations provide a basis for the relief requested in the Complaint.

67.     In answer to Paragraph 67 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service. The March 19, 2020 letter speaks for itself.  Paragraph 67 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 67 and that the allegations provide a basis for the relief requested in the Complaint.

68.     Paragraph 68 of the Complaint contains a legal conclusion, to which no response is required. The Policy speaks for itself.  To the extent a response is required, Defendant denies any remaining allegations of Paragraph 68 and that the allegations provide a basis for the relief requested in the Complaint.

69.     In answer to Paragraph 69 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  The March 19, 2020 speaks for itself.  Paragraph 69 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 69 and that the allegations provide a basis for the relief requested in the Complaint.

70.     Paragraph 70 of the Complaint contains a legal conclusion, to which no response is required. The March 19, 2020 letter speaks for itself.  To the extent a response is required, Defendant denies any remaining allegations of Paragraph 70 and that the allegations provide a basis for the relief requested in the Complaint.

71.     Paragraph 71 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 71 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

72.     In answer to Paragraph 72 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 72 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

73.     In answer to Paragraph 73 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 73 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

74.     Paragraph 74 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 74 and that the allegations provide a basis for the relief requested in the Complaint.

75.     Paragraph 75 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 75 and that the allegations provide a basis for the relief requested in the Complaint.

76.     Paragraph 76 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any

remaining allegations of Paragraph 76 and that the allegations provide a basis for the relief requested in the Complaint.

77.     Paragraph 77 of the Complaint contains a legal conclusion, to which no response is required.  The March 19, 2020 letter speaks for itself.  To the extent a response is required, Defendant denies any remaining allegations of Paragraph 77 and that the allegations provide a basis for the relief requested in the Complaint.

78.     Paragraph 78 of the Complaint contains a legal conclusion, to which no response is required.  The March 19, 2020 letter speaks for itself.  To the extent a response is required, Defendant denies any remaining allegations of Paragraph 78 and that the allegations provide a basis for the relief requested in the Complaint.

79.     Paragraph 79 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 79 and that the allegations provide a basis for the relief requested in the Complaint.

80.     Paragraph 80 of the Complaint contains a legal conclusion, to which no response is required.  The March 19, 2020 letter speaks for itself.  To the extent a response is required, Defendant denies any remaining allegations of Paragraph 80 and that the allegations provide a basis for the relief requested in the Complaint.

81.     Paragraph 81 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 81 and that the allegations provide a basis for the relief requested in the Complaint.

82.     Paragraph 82 of the Complaint contains a legal conclusion, to which no response is required.  The March 19, 2020 letter speaks for itself.  To the extent a response is required, Defendant denies any remaining allegations of Paragraph 82 and that the allegations provide a basis for the relief requested in the Complaint.

83.     In answer to Paragraph 83 of the complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any

1  remaining allegations stated in Paragraph 83 and, based upon such lack of
2  information and belief, denies each and every allegation contained in said
3  paragraph.

4          84.    Paragraph 84 of the Complaint contains a legal conclusion, to which
5  no response is required.  The March 19, 2020 letter speaks for itself.  To the extent
6  a response is required, Defendant denies any remaining allegations of Paragraph 84
7  and that the allegations provide a basis for the relief requested in the Complaint.

8          85.    Paragraph 85 of the Complaint contains a legal conclusion, to which
9  no response is required.  The March 19, 2020 letter speaks for itself.  To the extent
10  a response is required, Defendant denies any remaining allegations of Paragraph 85
11  and that the allegations provide a basis for the relief requested in the Complaint.

12          86.    In answer to Paragraph 86 of the Complaint, Defendant admits, upon
13  information and belief, that Plaintiff provides internet access or service.  The March
14  19, 2020 letter speaks for itself. Paragraph 86 of the Complaint contains a legal
15  conclusion, to which no response is required. To the extent a response is required,
16  Defendant denies any remaining allegations of Paragraph 86 and that the allegations
17  provide a basis for the relief requested in the Complaint.

18          87.    In answer to Paragraph 87 of the complaint, Defendant lacks
19  knowledge or information sufficient to form a belief as to the truth of any
20  remaining allegations stated in Paragraph 87 and, based upon such lack of
21  information and belief, denies each and every allegation contained in said
22  paragraph.

23          88.    Paragraph 88 of the Complaint contains a legal conclusion, to which
24  no response is required. To the extent a response is required, Defendant denies any
25  remaining allegations of Paragraph 88 and that the allegations provide a basis for
26  the relief requested in the Complaint.

27          89.    Paragraph 89 of the Complaint contains a legal conclusion, to which
28  no response is required. To the extent a response is required, Defendant denies any

remaining allegations of Paragraph 89 and that the allegations provide a basis for the relief requested in the Complaint.

90.    In answer to Paragraph 90 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  The March 19, 2020 letter speaks for itself. Paragraph 90 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 90 and that the allegations provide a basis for the relief requested in the Complaint.

91.    In response to Paragraph 91, Defendant admits that it issued the Policy.  The Policy speaks for itself.  Defendant denies that the Policy, attached as Exhibit 6, is a true and correct copy of the Policy. To the extent that a response is required, Defendant admits that Paragraph 91 of the Complaint includes certain partial quotations from the Policy but denies that those partial quotations fully define the coverage provided by the Policy, which is determined by all applicable Policy terms and conditions.   Defendant denies any remaining allegations in Paragraph 91 of the Complaint.

92.    In answer to Paragraph 92 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  Paragraph 92 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 92 and that the allegations provide a basis for the relief requested in the Complaint.

93.    In answer to Paragraph 93 of the complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 93 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

94.    In answer to Paragraph 94 of the complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 94 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

95.    In answer to Paragraph 95 of the complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 95 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

96.    In answer to Paragraph 96 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 96 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

97.    In answer to Paragraph 97 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 97 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

98.    Paragraph 98 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 98 and that the allegations provide a basis for the relief requested in the Complaint.

99.     Paragraph 99 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 99 and that the allegations provide a basis for the relief requested in the Complaint.

100.    In answer to Paragraph 100 of the complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 100 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

101.    Paragraph 101 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 101 and that the allegations provide a basis for the relief requested in the Complaint.

102.    In answer to Paragraph 102 of the complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 102 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

103.    Paragraph 103 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 103 and that the allegations provide a basis for the relief requested in the Complaint.

104.    In response to Paragraph 104, Defendant admits that it issued the Policy.  The Policy speaks for itself.  Defendant denies that the Policy, attached as Exhibit 6, is a true and correct copy of the Policy. To the extent that a response is required, Defendant admits that Paragraph 104 of the Complaint includes certain partial quotations from the Policy but denies that those partial quotations fully define the coverage provided by the Policy, which is determined by all applicable

Policy terms and conditions. Defendant denies any remaining allegations in Paragraph 104 of the Complaint.

105. In response to Paragraph 105, Defendant admits that it issued the Policy. The Policy speaks for itself. Defendant denies that the Policy, attached as Exhibit 6, is a true and correct copy of the Policy. To the extent that a response is required, Defendant admits that Paragraph 105 of the Complaint includes certain partial quotations from the Policy but denies that those partial quotations fully define the coverage provided by the Policy, which is determined by all applicable Policy terms and conditions. Defendant denies any remaining allegations in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 106 and that the allegations provide a basis for the relief requested in the Complaint.

107. In answer to Paragraph 107 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service. The March 19, 2020 letter speaks for itself. Paragraph 107 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 107 and that the allegations provide a basis for the relief requested in the Complaint.

108. Paragraph 108 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 108 and that the allegations provide a basis for the relief requested in the Complaint.

109. Paragraph 109 of the Complaint contains a legal conclusion, to which no response is required. The March 19, 2020 letter speaks for itself. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 109 and that the allegations provide a basis for the relief requested in the Complaint.

110.   Paragraph 110 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 110 and that the allegations provide a basis for the relief requested in the Complaint.

111.   Paragraph 111 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 111 and that the allegations provide a basis for the relief requested in the Complaint.

112.   Paragraph 112 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 112 and that the allegations provide a basis for the relief requested in the Complaint.

113.   In answer to Paragraph 113 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  The March 19, 2020 letter speaks for itself.  Paragraph 113 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 113 and that the allegations provide a basis for the relief requested in the Complaint.

114.   In answer to Paragraph 114 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  The March 19, 2020 letter speaks for itself.  Paragraph 114 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 114 and that the allegations provide a basis for the relief requested in the Complaint.

115.   Paragraph 115 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 115 and that the allegations provide a basis for the relief requested in the Complaint.

116.   Paragraph 116 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 116 and that the allegations provide a basis for the relief requested in the Complaint.

117.   Paragraph 117 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 117 and that the allegations provide a basis for the relief requested in the Complaint.

118.   Paragraph 118 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 118 and that the allegations provide a basis for the relief requested in the Complaint.

119.   In answer to Paragraph 119 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service. Paragraph 119 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 119 and that the allegations provide a basis for the relief requested in the Complaint.

120.   Paragraph 120 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 120 and that the allegations provide a basis for the relief requested in the Complaint.

121.   Paragraph 121 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 121 and that the allegations provide a basis for the relief requested in the Complaint.

122.   Paragraph 122 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any

remaining allegations of Paragraph 122 and that the allegations provide a basis for the relief requested in the Complaint.

123.   In answer to Paragraph 123 of the Complaint, Defendant admits, upon information and belief, that Plaintiff provides internet access or service.  The March 19, 2020 letter speaks for itself.  Paragraph 123 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 123 and that the allegations provide a basis for the relief requested in the Complaint.

124.   In answer to Paragraph 124 of the complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations stated in Paragraph 124 and, based upon such lack of information and belief, denies each and every allegation contained in said paragraph.

125.   Defendant re-alleges and incorporates by reference its responses to Paragraphs 1 through 124 of the Complaint.

126.   In answer to Paragraph 126, Defendant admits that it issued the Policy. The Policy speaks for itself.  Defendant denies that the Policy attached as Exhibit 6 is a true and correct copy of the Policy. To the extent that a response is required, Defendant denies any remaining allegations in Paragraph 126 of the Complaint and that the allegations provide a basis for the relief requested in the Complaint.

127.   Paragraph 127 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 127 and that the allegations provide a basis for the relief requested in the Complaint.

128.   Paragraph 128 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 128 and that the allegations provide a basis for the relief requested in the Complaint.

129.   Paragraph 129 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 129 and that the allegations provide a basis for the relief requested in the Complaint.

130.   Paragraph 130 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 130 and that the allegations provide a basis for the relief requested in the Complaint.

131.   Paragraph 131 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 131 and that the allegations provide a basis for the relief requested in the Complaint.

132.   Paragraph 132 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 132 and that the allegations provide a basis for the relief requested in the Complaint.

133.   Paragraph 133 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 133 and that the allegations provide a basis for the relief requested in the Complaint.

134.   Paragraph 134 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 134 and that the allegations provide a basis for the relief requested in the Complaint.

135.   Paragraph 135 of the Complaint contains a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations of Paragraph 135 and that the allegations provide a basis for the relief requested in the Complaint.

For further and separate affirmative defenses to the Complaint, and each count therein, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

136.   Plaintiff has failed to allege facts sufficient to state any cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

137.   Plaintiff's claims and rights against Defendants, if any, are barred by the terms, conditions, limitations, and/or exclusions in the Policy.

**THIRD AFFIRMATIVE DEFENSE**

138.   Plaintiff's claims and rights against Defendant, if any, do not fall within the coverage afforded by the Policies.

**FOURTH AFFIRMATIVE DEFENSE**

139.   Plaintiff's claims and rights against Defendant, if any, are barred by the Policy's "Exclusion – Personal and Advertising Injury – Limitation" endorsement which provides:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

1.   Section V - DEFINITIONS of the COMMERCIAL GENERAL LIABILITY COVERAGE FORM or coverage extension is amended to delete the definition of "personal and advertising injury" and replace it with the following:

"Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment
b. Malicious prosecution; or
c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIFTH AFFIRMATIVE DEFENSE

140.  Plaintiff's claims and rights against Defendant, if any, are barred because the underlying matters would not fall within the definition of "personal and advertising injury" coverage, deleted by endorsement, which meant "injury, including consequential 'bodily injury,' arising out of one or more of the following offenses: . . . g. Infringing upon another's copyright, trade dress or slogan in your 'advertisement.'"

### SIXTH AFFIRMATIVE DEFENSE

141.  Plaintiff's claim and rights against Defendant, if any, are barred because any "personal and advertising injury" coverage, deleted by endorsement, would fall within the "Infringement Of Copyright, Patent, Trademark Or Trade Secret" exclusion, which precludes coverage for:

> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

> Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement." However, this exclusion does not apply to infringement, in your "advertisement," of copyright, trade dress or slogan.

### SEVENTH AFFIRMATIVE DEFENSE

142.  Plaintiff's claim and rights against Defendant, if any, are barred because any "personal and advertising injury" coverage, deleted by endorsement, falls within the Insureds In Media And Internet Type Businesses, which precludes coverage for "'[p]ersonal and advertising injury' committed by an insured whose business is: . . . (3) An Internet search, access, content or service provider."

### EIGHTH AFFIRMATIVE DEFENSE

143.  Plaintiff's claims and rights against Defendants, if any, are barred on the ground that the Policy provides coverage for the defense of "suits," as defined

Answer

by the Policy, and there is no coverage for the insured's prosecution of its affirmative lawsuit, or a mediation in such lawsuit to which Defendant did not consent.

### NINTH AFFIRMATIVE DEFENSE

144.   Plaintiff's claims and rights against Defendant, if any, are barred to the extent Plaintiff breached the Conditions of the Policy.

### TENTH AFFIRMATIVE DEFENSE

145.   Plaintiff's claims may be barred or limited to the extent that Plaintiff failed to minimize, mitigate, or avoid any alleged or actual damage.

### ELEVENTH AFFIRMATIVE DEFENSE

146.    Defendant reserves the right to supplement the foregoing defenses and to raise additional defenses as may appear as this case progresses to the full extent allowed by law.

WHEREFORE, Defendant prays for relief as follows:

1.     That Plaintiff takes nothing by their Complaint against Defendant;

2.     For a declaration that Defendant owes no defense or indemnity obligation to Plaintiff;

3.     For costs of suit;

4.     For attorneys' fees; and

5.     For such other and further relief as the Court may deem equitable and just.

Dated:  September 11, 2020                    CNA COVERAGE LITIGATION
                                              GROUP


                                              By: /s/ *Robert C. Christensen*
                                              ROBERT C. CHRISTENSEN
                                              Attorneys for Defendant NATIONAL
                                              FIRE INSURANCE COMPANY OF
                                              HARTFORD