1  CNA COVERAGE LITIGATION GROUP
2  ROBERT C. CHRISTENSEN (SBN 151296)
   Email:  robert.christensen@cna.com
3  555 12th Street, Suite 600
   Oakland, CA  94607
4  Telephone:  510.645.2306
   Facsimile:      510.645.2323
5
6  Attorneys for Defendant
   NATIONAL FIRE INSURANCE COMPANY OF HARTFORD
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11  HURRICANE ELECTRIC, INC.,            )   Case No. 3:20-cv-05840-CRB
                                         )
12                  Plaintiff,           )   (Related to 3:20-CV-3813-CRB)
    vs.                                  )
13                                       )
                                         )   **NATIONAL FIRE INSURANCE COMPANY
14  NATIONAL FIRE INSURANCE COMPANY      )   OF HARTFORD'S NOTICE OF MOTION
    OF HARTFORD,                         )   AND MOTION FOR JUDGMENT ON THE
15                                       )   PLEADINGS**
                    Defendants.          )
16  _____)   [Filed concurrently with Declaration of
                                             Corey Rider, and [Proposed] Order]
17
                                             Date:         November 6, 2020
18                                           Time:         10:00 a.m.
                                             Courtroom:    6, 17th Floor –
19                                                         The Honorable Charles R. Breyer

20       TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that at 10:00 a.m. on November 6 2020, or as soon thereafter as this

22  matter may be heard in Courtroom 6 of the above-referenced Court, located at 450 Golden Gate Avenue,

23  San Francisco, CA 94102, Defendant National Fire Insurance Company of Hartford will present a

24  motion for judgment on the pleadings as to all claims set forth in the Complaint of Plaintiff Hurricane

25  Electric, Inc. pursuant to Fed. R. Civ. Proc., Rule 12(c).  The motion for judgment on the pleadings is

26  based upon the grounds that the Complaint fails to allege facts sufficient to state a claim upon which

27  relief can be granted against National Fire.

28

1  This motion will be and is based upon this Notice, the Memorandum of Points and Authorities, the Declaration of Corey Rider, the Complaint, the pleadings and papers on file herein, and any argument at the hearing of this matter.

Respectfully submitted,

Dated: October 1, 2020  CNA COVERAGE LITIGATION GROUP


By:   /s/   *Robert Christensen*
ROBERT CHRISTENSEN
Attorneys for Defendant NATIONAL FIRE INSURANCE COMPANY OF HARTFORD

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................... 1
I.   INTRODUCTION ................................................................................................................... 1
II.   STATEMENT OF FACTS .................................................................................................... 1
    A.  The Complaint ............................................................................................................ 1
    B.  The NFIC Insurance Policy ....................................................................................... 2
III.  ARGUMENT ........................................................................................................................... 3
    A.  Legal Standards .......................................................................................................... 3
        1.  THIS CASE IS SUITABLE FOR RESOLUTION ON THE PLEADINGS .......................................... 3
            a.  The Complete NFIC Policy Is Incorporated By Reference .......................................... 3
        2.  AN INSURER'S DUTY TO DEFEND AND INDEMNIFY ............................................................ 4
IV.  CONCLUSION ....................................................................................................................... 5

# TABLE OF AUTHORITIES

**Federal Cases**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) .................................................................................................................. 3

Burgert v. Lokelani Bernice Pauahi Bishop Tr.,
   200 F.3d 661 (9th Cir. 2000) .................................................................................................... 3

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir.2002) ...................................................................................................... 4

Coto Settlement v. Eisenberg,
   593 F.3d 1031 (9th Cir. 2010) .................................................................................................. 4

Dworkin v. Hustler Magazine Inc.,
   867 F.2d 1188 (9th Cir. 1989) .................................................................................................. 3

In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,
   2020 WL 3316116 (N.D. Cal. June 18, 2020) ......................................................................... 4

Khoja v. Orexigen Therapeutics, Inc.,
   899 F.3d 988 (9th Cir. 2018) .................................................................................................... 4

L-7 Designs, Inc. v. Old Navy, LLC,
   647 F.3d 419 (2d Cir. 2011) ..................................................................................................... 4

Roberts v. Babkiewicz,
   582 F.3d 418 (2d Cir.2009) ...................................................................................................... 4

Sira v. Morton,
   380 F.3d 57 (2d Cir.2004) ........................................................................................................ 4

Warren v. Fox Family Worldwide, Inc.,
   328 F.3d 1136 (9th Cir. 2003) .................................................................................................. 3

**State Cases**

Certain Underwriters at Lloyd's of London v. Superior Court,
   24 Cal.4th 945 (2001) ............................................................................................................... 5

Horace Mann Ins. Co. v. Barbara B.,
   4 Cal.4th 1076 (1993) ............................................................................................................... 4

State Farm General Ins. Co. v. Mintarsih,
   175 Cal.App.4th 274 (2009) ..................................................................................................... 5

**Statutes**

Fed. R. Civ. P. 12(c) ........................................................................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Motion for Judgment on the Pleadings presents a very straightforward and simple issue of contract interpretation. Plaintiff Hurricane Electric, Inc. ("Hurricane" or "Plaintiff") seeks insurance coverage under Coverage B, "Personal and Advertising Injury," of a commercial general liability ("CGL") insurance policy issued by Defendant National Fire Insurance Company of Hartford ("NFIC") for Hurricane's prosecution of complaints seeking declaratory judgment of no copyright infringement and misuse of copyrights, styled *Hurricane Electric, LLC, v. Dallas Buyers Club, LLC, et al.*, U.S.D.C. Northern District of California Case No. 4:20-cv-03813 and *Hurricane Electric, LLC, v. Millennium Funding, Inc., et al.*, Case No. 2:20-cv-01034, U.S.D.C. District of Nevada (collectively "Hurricane Actions"). By endorsement, Personal and Advertising Injury coverage is limited to three "offenses": False arrest, malicious prosecution and wrongful eviction. The Hurricane Actions do not allege these three offenses. The Court should therefore grant NFIC's motion.

## II. STATEMENT OF FACTS

### A. THE COMPLAINT

The Complaint seeks a judicial declaration that NFIC owes an obligation to defend two complaints filed by Hurricane in this Court and Nevada District Court. Those actions seek a judicial declaration that Hurricane did not infringe on the underlying defendants' copyrights by providing internet access. The actions further seek a judicial determination that the underlying defendants misused or overextended the use of their copyrights. (Dkt. Nos. 1-1 and 1-3.)

In support of its request for a judicial declaration, the Complaint makes a lengthy argument as to why the claims in the Hurricane Actions fall within a definition of "personal and advertising injury." The Declarations page of the NFIC policy attached to Complaint lists all relevant forms, including the "Exclusion – Personal and Advertising Injury – Limited" Endorsement ("PAI Endorsement"). (Dkt. 1-6 at pp. 9-10.) However, that copy of the NFIC Policy does not attach the

CGL Portion of the NFIC Policy, including the PAI Endorsement. To complete the record before this Court, a complete, certified copy of the Policy is attached to the Declaration of Corey Rider.

### B. THE NFIC INSURANCE POLICY

Plaintiff seeks coverage under a CGL policy issued for the period January 24, 2015 to January 24, 2016. (Dkt. 1, p. 9, ¶ 45, et seq.) The CGL Coverage Form contains two insuring agreements, Coverage A and Coverage B. The Insuring Agreement for the relevant Coverage B, "Personal and Advertising Injury Liability" provides:

> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. . . .
> . . .
>
> **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

(Rider Declaration, Exh. A, p. 89.)

The PAI Endorsement provides:

> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART.**
>
> **1.** Section **V** - DEFINITIONS of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** or coverage extension is amended to delete the definition of "personal and advertising injury" and replace it with the following:
>
> "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:
>
> **a.** False arrest, detention or imprisonment

      **b.**    Malicious prosecution; or

      **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.

(Rider Declaration, Exh. A, p. 115.)

### III.
### ARGUMENT

**A.**    **LEGAL STANDARDS**

    **1.**    **THIS CASE IS SUITABLE FOR RESOLUTION ON THE PLEADINGS**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion under Rule 12(c) is "functionally identical" to a motion under Rule 12(b)(6) and the same standard of review applies. Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). To survive a motion to motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Although "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000), courts do "not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

      **a.**    **The Complete NFIC Policy Is Incorporated By Reference**

On a Rule 12(c) motion, the court considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir.

1  2011), quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir.2009). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Old Navy, LLC, 647 F.3d at 422, quoting Sira v. Morton, 380 F.3d 57, 67 (2d Cir.2004) (citations omitted) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002)). Courts may therefore consider "documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) (collecting cases).

More precisely here, the Court may incorporate a complete copy of a contract by reference into the complaint where plaintiff fails to attach a complete copy. In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation, --- F.Supp.3d ----, 2020 WL 3316116, *3, fn. 1 (N.D. Cal. June 18, 2020) (dismissal with prejudice based on actual terms of the contract incorporated by reference), citing Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018) ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").

Because the Complaint attaches an incomplete Policy, which is integral to the current coverage dispute, the Court can consider the complete Policy in deciding this motion.

### 2. AN INSURER'S DUTY TO DEFEND AND INDEMNIFY

The Complaint asks the Court to determine whether Hurricane's underlying complaints trigger a duty to defend or indemnify under the NFIC Policy. Under California law,

> the duty to defend is broader than the duty to indemnify; an insurer may owe a duty to defend its insured in an action in which no damages ultimately are awarded.… The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy.… Any doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor.

Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1081 (1993) (citations omitted).

1  No duty to defend is triggered where there is no potential for coverage. State Farm General Ins. Co. v. Mintarsih, 175 Cal.App.4th 274, 284 (2009) (no duty to defend or pay costs arising from claims not potentially covered). Moreover, when there is no duty to defend, there can be no duty to indemnify an insured. Certain Underwriters at Lloyd's of London v. Superior Court, 24 Cal.4th 945, 958 (2001) ("Where there is a duty to defend, there may be a duty to indemnify; but where there is no duty to defend, there cannot be a duty to indemnify"). A court is to apply the terms of an insurance policy literally and will "not rewrite any provision of any contract, including the standard policy underlying any individual policy, for any purpose." Id. at 960.

### B.  THE HURRICANE ACTIONS DO NOT TRIGGER COVERAGE UNDER THE NFIC POLICY

The Hurricane Actions allege counts for a declaration of no copyright infringement and misuse of copyright. (Dkt. Nos. 1-1 and 1-3.) The NFIC Policy's Personal and Advertising Limited Exclusion limits "personal and advertising injury" coverage to three offenses: False arrest, malicious prosecution and wrongful eviction. (Exh. A, p. 115.) Plaintiff does not, because it cannot, allege that the Hurricane Actions allege or implicate these three offenses. Pursuant to the plain terms of the NFIC Policy compared to the complaints filed in Hurricane Actions there is no potential for coverage under the NFIC Policy. Certain Underwriters at Lloyd's of London, 24 Cal.4th at 958.

### IV.
### CONCLUSION

Based on the foregoing, the Court should therefore grant NFIC's motion of judgment on the pleadings.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  October 1, 2020 | CNA COVERAGE LITIGATION GROUP |
|  | By: __/s/      *Robert Christensen*__<br>ROBERT CHRISTENSEN<br>Attorneys for Defendant NATIONAL FIRE INSURANCE COMPANY OF HARTFORD |