**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:   (949) 553-1010
Facsimile:   (949) 553-2050
jal@gauntlettlaw.com

Attorneys for Plaintiff
Hurricane Electric, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| HURRICANE ELECTRIC, LLC, a Nevada limited liability company,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois corporation,<br><br>　　　　　　　Defendant. | Case No.: 3:20-cv-05840-CRB<br><br>Judge Charles R. Breyer<br><br>**DECLARATION OF JAMES HEPPES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　November 13, 2020<br>Time:　10:00 a.m.<br>Ctrm:　6 |

I, JAMES HEPPES, declare:

1. I am the insurance broker for Hurricane Electric, LLC ("HE"). The brokerage entity of which I am a principal is Professional Insurance Associates Inc. ("PIA"). I was the insurance broker for all policies issued through CNA, parent company of National Fire Insurance Company of Hartford ("NFI"). It issued the 2015 Policy at issue in the declaratory relief action pursued before this court by *Hurricane Electric, LLC* v. *Dallas Buyers Club, LLC, et al.*, Case No. 4:20-CV-03813.

2. I know the facts set forth in this declaration to be true and correct based on my personal knowledge and, if called to testify, I could and would testify competently thereto.

## NFI's 2015 Policy

3. It has been my routine practice as an insurance broker for years to forward insurance policies to clients in the same form in which they are assembled by their insurers, who are responsible for placing policies in their final forms for issuance. This practice was followed with respect to the 2015 Policy issued by NFI to HE. We promptly forwarded the 2015 Policy to HE upon receiving it from NFI on or about February 26, 2020.

4. We confirm that the 2015 Policy attached as Exhibit "6," which document I have reviewed, was what was forwarded by CNA to us, and which we in turn sent to HE. No portion of the 2015 Policy we received from CNA was not forwarded to HE.

5. The renewal policy that HE received (the 2015 Policy) had a schedule of Forms and Endorsements which contained a line item of: "*Exclusion-Personal And Advertising Injury Limited G300950A 07-10.*" There was no such endorsement attached to the policy and there was no other notice from NFI to call HE's attention to the reduction in coverage that NFI states follows from this endorsement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at San Jose, California on this 2nd day of October, 2020.

1
2                                                          _____
                                                                    **JAMES HEPPES**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28