**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
jal@gauntlettlaw.com

Attorneys for Plaintiff
Hurricane Electric, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| HURRICANE ELECTRIC, LLC, a Nevada limited liability company,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois corporation,<br><br>　　　　　　　　Defendant. | Case No.: 3:20-cv-05840-CRB<br><br>Judge Charles R. Breyer<br><br>**DECLARATION OF NEIL D. GREENSTEIN IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　November 13, 2020<br>Time:　10:00 a.m.<br>Ctrm:　6 |

I, NEIL D. GREENSTEIN, declare:

1. I am Counsel to Hurricane Electric, LLC ("HE"), the plaintiff in the related co-pending copyright declaratory judgment action. Except as otherwise indicated, the facts set forth in this declaration are true and correct based on my personal knowledge and, if called to testify, I could and would testify competently thereto.

**Correspondence Between HE and NFI**

2. On or about May 27, 2020, I sent a letter by email to HE's insurance broker, James Heppes, to inform NFI of the copyright claims made against HE. This letter stated, "We represent Hurricane Electric…in connection with copyright claims made by Attorney Kerry Culpepper on behalf of several Plaintiffs… We ask that you immediately notify and tender to all carriers with which Hurricane has had insurance during the last 3 years." This notice was sent by way of CNA, parent company of NFI, which acts as NFI's claim representative entity and interacts with insureds on behalf of NFI's through its insurance broker.

3. NFI's Catherine Gardner sent an email to me on June 4, 2020, which stated in reference to this claim that "CNA is presently reviewing the coverage afforded under the policies… Upon completion of this review…we will advise you as to our coverage position."

4. I received a letter dated July 1, 2020 from CNA stating in reference to the claim that "The CNA Insurers are denying coverage for the MFI Claim…In addition, there is no duty to defend, because no "suit" has been filed." In that letter NFI declined to provide a defense to HE arising out of a demand letter from Claimant as described in *Hurricane Electric, LLC* v. *Dallas Buyers Club, LLC, et al.*, Case No. 3:20-CV-03813-CRB (which is a declaratory relief action pending before this court).

5. NFI also stated in its July 1, 2020 denial letter that "To implicate the Primary Policies' **Personal and Advertising Injury** coverage, the MFI Claim must seek damages for an enumerated offense arising out of the insured's business and committed in the **coverage territory** during the policy period."

6. HE further submitted a demand for policy benefits in connection with a notice of mediation. I advised NFI's Catherine Gardner of the then upcoming mediation on July 24, 2020, approximately one week prior to the scheduled mediation. I also spoke with Ms. Gardner and she told me that NFI was declining to attend the mediation and she promised to confirm that in writing. Indeed, Ms. Gardner sent an email to me on July 28, 2020 stating that "NFI will not be attending the Zoom mediation." On July 30, 2020, as scheduled, HE and Claimants mediated the disputes addressed in the HE Declaratory Relief Actions. Obviously, NFI's refusal to attend the initial mediation to resolve these disputes did not prevent the parties from proceeding with the mediation and attempting to work towards a resolution. The parties attended the mediation and made some progress on the terms of a possible settlement.

7. The parties asked this court to set a settlement conference before a Magistrate Judge and NFI again refused to attend the originally scheduled settlement conference.

8. As counsel for HE in the co-pending copyright case, I have received no notice from NFI revisiting the potential for coverage in light of the fact that there has been ADR in the co-pending copyright case and that this insurance "suit" has been filed.

9. ADR L.R. 3-4 provides that "[t]he court-sponsored ADR options . . . include: . . . (2) mediation."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of October, 2020.

_____
NEIL D. GREENSTEIN