**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:     (949) 553-1010
Facsimile:     (949) 553-2050
jal@gauntlettlaw.com

Attorneys for Plaintiff
Hurricane Electric, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| HURRICANE ELECTRIC, LLC, a Nevada limited liability company,<br><br>       Plaintiff,<br><br>    vs.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois corporation,<br><br>       Defendant. | Case No.: 3:20-cv-05840-CRB<br><br>Judge Charles R. Breyer<br><br>**DECLARATION OF DAVID A. GAUNTLETT IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   November 13, 2020<br>Time:   10:00 a.m.<br>Ctrm:  6 |

I, DAVID A. GAUNTLETT, declare:

1. I am insurance coverage counsel for Hurricane Electric, LLC ("HE") in the lawsuit against National Fire Insurance Company of Hartford ("NFI").

2. I know the facts set forth in this declaration to be true and correct based on my personal knowledge and, if called to testify, I could and would testify competently thereto.

3. I received and reviewed the 2015 Policy issued by NFI to HE at issue in the Declaratory Relief Action pursued before this court by *Hurricane Electric, LLC* v. *Dallas Buyers Club, LLC, et al.*, Case No. 4:20-CV-03813 (the "Declaratory Relief Action").

4. NFI issued the 2015 Policy to HE. The 2015 Policy is attached as Exhibit "6" to the coverage action *Hurricane Electric, LLC v. National Fire Insurance Company of Hartford,* Case No. 3:20-cv-05840-CRB.

5. The 2015 Policy incorporates occurrence-based coverage per Form CG0001 4-13. The Policy provides a "Personal & Advertising Injury" limit of $1,000,000 and a "General Aggregate" limit of $2,000,000.

6. NFI's 2015 Policy, with reference to coverage for "personal and advertising injury," states:

> COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY
> 1. Insuring Agreement
> a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the Insured against any suit seeking those damages. . . . .We may, at our discretion, investigate any offense and settle any claim or suit that may result. . . .
> …
> SECTION V – DEFINITIONS
> 1. Advertisement means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:
> a. Notices that are published include material placed on the Internet . . . ; and
> b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.
> …
> 14. . . . [A]dvertising injury means injury . . . arising out of one or more of the

following offenses: . . .

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement."

…

18. Suit means a civil proceeding in which damages because . . . "advertising injury" to which this insurance applies are alleged. Suit includes: . . .

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the Insured submits . . . .

7. NFI's Fourth Affirmative Defense in its Answer states in its entirety,

Plaintiff's claims and rights against Defendant, if any, are barred by the Policy's "Exclusion – Personal and Advertising Injury – Limitation" endorsement which provides:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

1. Section V - DEFINITIONS of the COMMERCIAL GENERAL LIABILITY COVERAGE FORM or coverage extension is amended to delete the definition of "personal and advertising injury" and replace it with the following:

"Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment

b. Malicious prosecution; or

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.

No part of NFI's Answer addresses the fact that this endorsement was not included in the 2015 Policy issued to HE.

8. The "Limited Endorsement" announcement in the Declarations section of the 2015 Policy referenced "personal and advertising injury" coverage, but the Fourth Affirmative Defense's description of the policy language in the "Limited Endorsement" only extending coverage to paragraphs (a)-(c) provides no coverage for offenses (d)-(g) which are the only offenses within the Policy's definition of "Personal and Advertising Injury" that provide any coverage for "advertising Injury." This includes offense (g) which provides coverage for "infringement of copyright, trade dress or slogan in your 'advertisement'" germane to HE's quest for coverage herein."

9.      Despite the fact that the 2015 Policy was the first issued by CNA to HE that referenced, here by endorsement title only any limitation on the Policy's purported limitation on any aspect of the "personal and advertising injury" coverage, no notice was contemporaneously provided of any reduction or diminution in the scope of that coverage from that in effect from the previous policy year.

10.     NFI's Seventh Affirmative Defense in its Answer states in its entirety,

"Plaintiff's claim and rights against Defendant, if any, are barred because any "personal and advertising injury" coverage, deleted by endorsement, falls within the Insureds In Media And Internet Type Businesses, which precludes coverage for "'[p]ersonal and advertising injury' committed by an insured whose business is: . . . (3) An Internet search, access, content or service provider."

11.     The 2015 Policy attached as Exhibit "6" to the coverage action *Hurricane Electric LLC v. National Fire Insurance Company of Hartford* Case No. 3:20-cv-05840-CRB, which document I have reviewed, is the same document that I reviewed as insurance coverage counsel to HE.

12.     The 2015 Policy which I reviewed as insurance coverage counsel to HE had a schedule of Forms and Endorsements which contained a line item of: *"Exclusion-Personal And Advertising Injury Limited G300950A 07-10."* There was no such endorsement attached to the policy and there was no other notice from NFI to call HE's attention to the reduction in coverage that NFI states follows from this endorsement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Newport Coast, California on this 09 day of October, 2020.

_____
DAVID A. GAUNTLETT

266082_1-10/9/2020 9:23 AM

GAUNTLETT DECL RE HE'S MOT FOR SUMM JDGMT
ON DEFENDANT NFI'S DUTY TO DEFEND
3:20-cv-05840-CRB