**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:    (949) 553-1010
Facsimile:    (949) 553-2050
jal@gauntlettlaw.com

Attorneys for Plaintiff
Hurricane Electric, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| HURRICANE ELECTRIC, LLC, a Nevada limited liability company,<br><br>     Plaintiff,<br><br> vs.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois corporation,<br><br>     Defendant. | Case No.: 3:20-cv-05840-CRB<br><br>Judge Charles R. Breyer<br><br>**HURRICANE ELECTRIC'S OPPOSITION TO NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: November 13, 2020<br>Time: 10:00 a.m.<br>Ctrm: 6 |

**TABLE OF CONTENTS**

Page

I. THE LIMITED ENDORSEMENT IS NOT ENFORCABLE AGAINST HE ............ 1

    A. HE Incorporates by Reference Its Arguments in Its MSJ against NFI In Response to NFI's Motion on the Pleadings ........................................................ 1

    B. HE's Limited Endorsement Was Not Delivered with the 2015 Policy ............. 1

    C. NFI's Assertion that the Limited Endorsement, Not Provided to HE, Permits Adjudication via A Motion for Judgment on the Pleadings is Improper ................................................................................................................ 1

        1. Neither the Fourth or the Fifth Affirmative Defenses Regarding the "Limited Endorsement" Bar Potential Coverage under the Rules Applicable to Judgement on the Pleadings Rules ................................... 1

        2. Intact Did Not Establish That It Delivered the Limited Endorsement to HE ...................................................................................... 2

        3. NFI's 9th Circuit Cases Do Not Support A Judgment on the Pleadings .................................................................................................... 3

    D. The Fourth/Fifth Affirmative Defenses Are Evidentially Inadequate and Not a Proper Pleading .......................................................................................... 4

        1. Evidentially Competent Facts Must Be Asserted to Demonstrate the Applicability of the Fourth/Fifth Affirmative Defenses .......................... 4

        2. NFI's Answer Did Not Assert what the Limited Endorsement States ......................................................................................................... 5

    E. NFI's Quest to Rely Upon Matters Outside the Pleadings Can Only Be Addressed in a Motion for Summary Judgment ............................................... 5

II. IF THE COURT ELECTS TO TREAT NFI'S MOTION AS AN MSJ, NFI HAS NOT MET STANDARD FOR RELIEF ............................................................................ 6

    A. An Inadmissible Policy Containing a Limited Endorsement Whose Delivery to HE is Contested Cannot Preclude Pertinent Coverage .................. 6

    B. NFI Answer Does Not Offer an Authenticated Version of the Limited Endorsement ......................................................................................................... 7

III. CONCLUSION .......................................................................................................... 7

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Coto Settlement v. Eisenberg*,
  593 F.3d 1031 (9th Cir. 2010) ......................................................................................... 3

*Diamond State Ins. Co. v. Marin Mt. Bikes, Inc.*,
  2012 U.S. Dist. LEXIS 181329 (N.D. Cal. Dec. 21, 2012) ............................................. 5

*General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist
  Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) .......................................... 2

*Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) ............................... 5

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ....................................................................................... 3, 4

*Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal. 2006), *aff'd*,
  277 Fed. App. 734 (9th Cir. 2008) .................................................................................. 2

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) ...................................................................... 5

*Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 68711 (N.D. Cal.) .............. 5

*Qwest Communs. Corp. v. City of Berkeley,* 208 F.R.D 288, 291 (N.D. Cal. 2002) ........... 2

*RLI Ins. Co. v. City of Visalia*,
  297 F. Supp. 3d 1038 (E.D. Cal. 2018) ........................................................................... 2

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
  No. 2672 CRB (JSC), 2020 U.S. Dist. LEXIS 106866 (N.D. Cal. June 18, 2020) .... 3, 4

**Rules**

F.R.Civ.P. 10(c) ..................................................................................................................... 2

F.R.Civ.P. 12(d) ..................................................................................................................... 6

F.R.Civ.P. 12 (c) .................................................................................................................... 6

F.R.Civ.P. 56 .......................................................................................................................... 6

## I. THE LIMITED ENDORSEMENT IS NOT ENFORCABLE AGAINST HE

### A. HE Incorporates by Reference Its Arguments in Its MSJ against NFI In Response to NFI's Motion on the Pleadings

Hurricane Electric, LLC ("HE") opposes National Fire Insurance Company of Hartford's ("NFI") Motion for Judgment on the Pleadings ("MJP"). The motion solely relies on a "Personal and Advertising Injury Limitation Endorsement" (the "Limited Endorsement") that it contends removes the potential for coverage under the 2015 Policy [Dkt. 1-6]. For the reasons HE incorporates by reference from its arguments in Plaintiff's contemporaneous Motion for Partial Summary Judgment on Defendant National Fire's Duty to Defend ("MPSJ"), it is not true that the Limited Endorsement eliminates the potential for coverage.

Moreover, even if the Limited Endorsement was intended to be incorporated in the 2015 Policy, NFI refers to no evidence that establishes it was delivered to HE. [Dkt. 21, § IV.B] Indeed, the converse is true; that endorsement was not part of the policy NFI delivered to the broker or to the insured. [Declaration of James Heppes ("Heppes Decl."), ¶ 5] It is not part of the policy received by the insured which is attached to HE's Complaint.

### B. HE's Limited Endorsement Was Not Delivered with the 2015 Policy

HE's MPSJ explains that the Limited Endorsement did not accompany the 2015 Policy issued to HE contemporaneously. [Dkt. 21, § IV.B.1] Critically, NFI failed to address that fact in its Answer. [Dkt. 21, § IV.B.1] Additionally, NFI failed to provide any notice of the reduction in coverage as required by law. [Dkt. 21, § IV.B.2] NFI's failure to provide irrefutable evidence that it delivered a copy of the "Limited Endorsement" to HE renders that endorsement unenforceable against HE. [Dkt. 21, § IV.B.3, 4] Even if the Limited Endorsement were included in the 2015 Policy, the clear contradiction between its terms and those of the 2015 Policy renders the Limited Endorsement unenforceable, as illusory coverage for the reasons noted in § IV.B of the MPSJ, which NFI does not even seek to address in its MJP. [Dkt. 21, § IV.B]

### C. NFI's Assertion that the Limited Endorsement, Not Provided to HE, Permits Adjudication via A Motion for Judgment on the Pleadings is Improper

#### 1. Neither the Fourth or the Fifth Affirmative Defenses Regarding the "Limited Endorsement" Bar Potential Coverage under the Rules

**Applicable to Judgement on the Pleadings Rules**

Under pertinent case law, the existence of any disputed evidence precludes entry of a judgment on the pleadings so that NFI's MJP cannot be granted. As *RLI Ins. Co. v. City of Visalia*, 297 F. Supp. 3d 1038, 1046-47 (E.D. Cal. 2018) explained:

> A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings." *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1154-55 (E.D. Cal. 2006), *aff'd*, 277 Fed. App. 734 (9th Cir. 2008) . . . . "All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) . . . . Under Rule 10(c) of the Federal Rules of Civil Procedure, a copy of any written instruction which is an exhibit to a pleading is part thereof for all purposes and may be considered on a motion for judgment on the pleadings. *Qwest Communs. Corp. v. City of Berkeley*, 208 F.R.D 288, 291 (N.D. Cal. 2002) ("materials properly attached to a complaint or exhibit may be considered" on a motion for judgment on the pleadings).

Here, the only written instrument properly before the court in the pleadings is the version of the 2015 Policy attached as Exhibit "6" to HE's Complaint. Critically, the policy delivered to HE did not include the Limited Endorsement. Notably, NFI's attempt to substitute a version of the 2015 Policy (which seeks to include the Limited Endorsement) fails as it offers no admissible evidence that the policy version it claims was issued was issued in the form it contends [Evidentiary Objections to the Declaration of Corey Rider ("Rider OBJ"), § I] or was delivered to HE. Nor can NFI use the Declaration of Corey Rider ("Rider Decl.") to support a contrary finding because it is both conclusory and incomplete [Rider OBJ, §§ I, II]. The Rider Decl. is inadmissible to bolster a Motion on the Pleadings. NFI's failure to address how the 2015 Policy was delivered by NFI to HE is an insurmountable obstacle. The pleadings here contradict NFI's argument.

**2.  Intact Did Not Establish That It Delivered the Limited Endorsement to HE**

HE attached its copy of the 2015 Policy to the Complaint as Exhibit "6" [Dkt. 1-6] asserting that it was a true and correct copy of the policy it received through its insurance broker from NFI. Critically, HE's copy does *not* include any Limited Endorsement as HE was not provided the purported text of the Limited Endorsement. [See Dkt. 21, § IV.B.2]

### 3. NFI's 9th Circuit Cases Do Not Support A Judgment on the Pleadings

NFI's MJP must fail for three (3) distinct reasons:

**First**, NFI improperly relies on *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) for the proposition that

> Courts may therefore consider "documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."

But as HE never received a copy of the Limited Endorsement, HE's Complaint neither "relies" upon, nor includes the Limited Endorsement. As that endorsement is the sole basis for NFI's MJP, it must fail. Indeed, the content of the Limited Endorsement language was unknown to HE at the time of its purported issuance. [Dkt. 21, § IV.B.2-4]. The Fourth/Fifth Affirmative Defenses, purporting to reference policy language in the Limited Endorsement, is not authenticated an is not admissible. [Rider OBJ, § I] As the asserted text of the Limited Endorsement is not properly before this court in support of NFI's MJP, it cannot support any recourse by NFI against HE.

**Second**, NFI'S reliance on *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2020 U.S. Dist. LEXIS 106866, *3, fn. 1 (N.D. Cal. June 18, 2020), for the proposition that the Court may incorporate a complete copy of a contract by reference to the complaint, where plaintiff fails to attach a complete copy at hand, is equally misplaced. Again, NFI fails to authenticate the version of the policy with the Limited Endorsement making it inadmissible. [Rider OBJ, § I] Notably, *In re Volkswagen* relies on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims") a decision that limits its application on facts distinguishable from those herein. HE attached the full policy actually delivered to it. NFI wants to argue about a different policy.

**Third,** in both cited cases, however, neither party questioned the authenticity or accuracy of the referenced documents. *See Khoja* at 1001. But here, HE submitted the 2015 Policy in its entirety as received. [Dkt. 21, § IV.B.1] HE did not have the ability to omit the Limited Endorsement as it did not have a copy of it to reference. [Declaration of David A. Gauntlett In Support of Plaintiff's Motion

for Partial Summary Judgement ("DAG Decl."), ⁋ 12]. The Limited Endorsement cannot be authenticated by reference to the Fourth/Fifth Affirmative Defenses. So the reliance on *In re Volkswagen* or *Khoja* is apposite.  The accuracy and completeness of the 2015 Policy attached to HE's Complaint is as HE contends, not NFI, based on the facts undisputed in the pleadings. NFI's analysis of the 2015 Policy does not assert how the "facts" it relies on are available to it from the pleadings. [DAG Decl., ⁋ 12].

Moreover, in relying on *Khoja*, NFI's presumes that HE knew its copy of the 2015 Policy was incomplete. But HE has never received evidence that the Limited Endorsement was delivered to it, regardless of the Declaration of Corey Rider attempting to assert how a policy was "issued" but making no statement about what was actually delivered. [Dkt. 16-1] NFI's declaration clearly is not in the Answer nor is there any authenticated document showing the Limited Endorsement. As *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018) held:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint — accepted as true at the pleading stage — can easily topple otherwise cognizable claims. Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.

Thus, NFI's MJP cannot be granted.

### D. The Fourth/Fifth Affirmative Defenses Are Evidentially Inadequate and Not a Proper Pleading

#### 1. Evidentially Competent Facts Must Be Asserted to Demonstrate the Applicability of the Fourth/Fifth Affirmative Defenses.

Articulation of what NFI contends is the "Limited Endorsement" issued to HE fails to authenticate that the "issued" policy was what, in fact, was delivered to HE. [Rider OBJ, § I; Heppes Decl. ⁋⁋ 3-5] NFI does not even attempt to meet this heightened standard. Instead, it filed an inadmissible conclusory declaration of a NFI executive [*See* Rider OBJ, § I], which does not even contend that the policy it claims was issued was in fact delivered to HE.

As *Diamond State Ins. Co. v. Marin Mt. Bikes, Inc.*, 2012 U.S. Dist. LEXIS 181329 (N.D. Cal. Dec. 21, 2012) held:

> [T]his Court has recently held that "the heightened pleading standard set forth in *Twombly* and *Iqbal* also applies to affirmative defenses." *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 68711 (N.D. Cal.). "'Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that is may somehow apply.'" *Barnes*, 718 F. Supp. 2d at 1171-72 (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)) [citations omitted].

So on our facts, the Fourth/Fifth Affirmative Defenses referencing but not authenticating the content of the "Limited Endorsement," which was not attached as part of the Answer to the Complaint (and is therefore not part of the pleadings), is an improper attempt to go beyond the pleadings in support of the motion for judgement on the pleadings.

**2.    NFI's Answer Did Not Assert what the Limited Endorsement States**

NFI offers an equivocal response to the Complaint in an Answer that did not assert what the "Limited Endorsement" states. Instead, NFI attaches an unauthenticated and inadmissible version of the policy which does not purport to establish what was delivered to HE. [Rider OBJ, § I; Heppes Decl. ¶¶ 3-5] NFI fails to meet the requisite evidentiary standard. [Rider OBJ, § I]

But neither Paragraph 139 of the Answer nor the Fourth/Fifth Affirmative Defenses are sufficient to comply with the pleading standard in *Iqbal*. NFI's Fourth/Fifth Affirmative Defenses in the Answer are mere legal conclusions, unsupported by facts evidencing the delivery of the "Limited Endorsement" to HE. [Rider OBJ, § I; Heppes Decl. ¶¶ 3-5]  So here, NFI did precisely what *Diamond State* observed it cannot, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (when resolving a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). NFI's affirmative defenses are only conclusions as to what the Limited Endorsement states. [*See* Dkt. 21, § IV.B.1]

E.    **NFI's Quest to Rely Upon Matters Outside the Pleadings Can Only Be Addressed in a Motion for Summary Judgment**

Having failed to submit admissible evidence about the Limited Endorsement in filing its

1  Answer, NFI elected not to add the Limited Endorsement to its Answer and cannot rely on it in the
2  present motion for judgment on the pleadings. NFI's inadequate attempt to do so with the Rider
3  Declaration necessarily concedes that the MJP is incapable of addressing the pending coverage issues
4  as a matter of law. Simply, NFI cannot incorporate the purportedly issued version of the policy with a
5  Limited Endorsement as an attachment to its Motion for Judgment on the Pleadings. Such a request is
6  procedurally improper as the Court cannot countenance integration of facts that that go beyond the
7  pleadings based on an inadmissible declaration and exhibit that do not attempt to establish what was
8  sold and delivered to HE. [*See* Dkt. 21, § IV.B.1] NFI's attempt to use improper extrinsic evidence to
9  support its motion is improper.

## II.  IF THE COURT ELECTS TO TREAT NFI'S MOTION AS AN MSJ, NFI HAS NOT MET STANDARD FOR RELIEF

### A. An Inadmissible Policy Containing a Limited Endorsement Whose Delivery to HE is Contested Cannot Preclude Pertinent Coverage

F.R.Civ.P. 12(d) provides that on a motion under rule 12 (c), if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgement under Rule 56.

NFI has sought to convert, by the reference to the Limited Endorsement, their motion for judgment on the pleadings to a motion for summary judgement. If the Court elects to so treat it and address the merits and substance of it, then the points raised in their entirety in HE's MPSJ also must be considered herein.

There is no evidence submitted to the Court that the Limited Endorsement is what is described and meant in the Declarations Page of the 2015 Policy. [Rider OBJ, §§ I, II] Nor can the inadmissible Rider Decl. establish that a policy with the purported Limited Endorsement as referenced was delivered to HE. Although HE's MSJ presumes the Limited Endorsement would be enforceable as described in the Fourth Affirmative Defense, it is still of no moment as NFI contests its delivery to HE.

### B. NFI Answer Does Not Offer an Authenticated Version of the Limited Endorsement

The discrepancy between what HE received, the Limited Endorsement, raises a disputed issue of material fact. This assures that NFI cannot obtain summary judgment. Deficient answers cannot be tuned by improperly authenticated exhibits, even if NFI's MJP was converted into an MSJ.

### III. CONCLUSION

The Court should deny NFI's Motion for Judgement on the Pleadings on both procedural and substantive grounds and instead, grant HE's MPSJ.

Dated: October 27, 2020

**GAUNTLETT & ASSOCIATES**

By:  /s/ David A. Gauntlett
     David A. Gauntlett
     James A. Lowe
Attorneys for Plaintiff,
Hurricane Electric, LLC