**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone:     (949) 553-1010
Facsimile:     (949) 553-2050
jal@gauntlettlaw.com

Attorneys for Plaintiff
Hurricane Electric, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| HURRICANE ELECTRIC, LLC, a Nevada limited liability company,<br><br>                              Plaintiff,<br><br>       vs.<br><br>NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, an Illinois corporation,<br><br>                              Defendant. | Case No.: 3:20-cv-05840-CRB<br><br>Judge Charles R. Breyer<br><br>**HURRICANE ELECTRIC'S EVIDENTIARY OBJECTIONS TO COREY RIDER DECLARATION AND EXHIBIT A OFFERED IN SUPPORT OF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:   November 13, 2020<br>Time:  10:00 a.m.<br>Ctrm:  6 |

268012_1.docx-10/27/2020

1

Plaintiff Hurricane Electric, LLC ("HE") hereby objects to the Declaration of Corey Rider ("Rider Declaration") and its Exhibit A which was filed in support of National Fire Insurance Company of Hartford's ("NFIC") Motion For Judgment On The Pleadings.

The Rider Declaration and Exhibit A should be stricken in whole as provided by Civil L.R. 7-5(b).

## I.   GENERAL OBJECTIONS TO ENTIRE RIDER DECLARATION AND EXHIBIT A

Corey Rider's Declaration and Exhibit A are inadmissible for the following reasons:

<u>Civil L.R. 7-5(b) and Fed. R. Civ. P. 56(e)</u>

Civil L.R. 7-5(b) requires that declarations in support of motions "may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e)." The Rider Declaration does not meet that requirement. Instead of facts, he asserts only unsupported empty conclusions.

Mr. Rider only testifies that he is "a vice-president, commercial officer for the CNA service mark underwriting companies, including National Fire Insurance Company of Hartford ("NFIC")." The sole purpose of Mr. Rider's declaration is to authenticate Exhibit A to NFIC's motion as a "true and correct certified copy of policy number 509119138 issued to HE for the period January 24, 2015 to January 24, 2016. However, Mr. Rider does not testify to any fact that would allow him to determine what was issued at any time to HE or whether Exhibit A is actually a true and correct certified copy of any particular policy. Aside from his title, there is no evidence that Mr. Rider is in any position to know anything relevant to the document he purports to authenticate.

Mr. Rider does not testify to any personal knowledge about the contents of any policy, let alone Exhibit A. Mr. Rider does not testify about his job (other than his title) or what a commercial officer is or does for the various companies he references, or when he did it. He does not testify about how he claims to know what is in Exhibit A, or when it was issued, or to whom it was issued, or even if it was ever "issued." Mr. Rider neither explains what it means to "issue" a policy nor how that may be different from what is actually delivered to a broker or a policyholder. Mr. Rider apparently had no active role in the "issuance" of any policy. Mr. Rider does not even testify that he examined Exhibit A. If he did examine Exhibit A, Mr. Rider does not explain what he compared it to in order to determine

268012_1.docx-10/27/2020

if it was a "true and accurate" copy of whatever he compared it to. Mr. Rider also does not explain what a "certified" copy of anything might be, including what "certification" means, or how the certification process is performed and by whom. Mr. Rider's Declaration contains only lawyer's boilerplate phrases with no content or meaning. In short, Mr. Rider does not testify to any facts that would put him in a position to authenticate any exhibit.

### F.R.E. 602

F.R.E. 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Mr. Rider failed to provide any evidence to support a finding that he has personal knowledge about Exhibit A. Nor has the Defendant produced any other evidence to show Mr. Rider's personal knowledge.

### F.R.E. 802

"Hearsay is not admissible…" Mr. Rider's statements about the contents, accuracy, or certification of Exhibit A appears to be undisclosed hearsay since he indicates no other basis for knowledge about Exhibit A. There is no evidence of how Mr. Rider came to possess the information he purports to testify about. What someone else told him about the exhibit is hearsay and no exception to the hearsay rule has been shown here.

### F.R.E. 901

Exhibit A has not been authenticated and therefore cannot be considered by the Court in supporting Defendant NFIC's motion for judgment on the pleadings.

F.R.E. 901 (a) requires that to authenticate a document, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The Rider Declaration does not meet this requirement with a bald unsupported statement about the "issuance" of a particular document that may or may not be the policy actually issued and delivered to HE. Mr. Rider is not "a witness with knowledge" about Exhibit A and has not authenticated it.

### F.R.E. 902

Exhibit A is not in a category of documents that are "self-authenticating" under F.R.E. 902.

Exhibit A is a collection of forms 134 pages long. On page 2 there is a purported "Policy

268012_1.docx-10/27/2020

Certification" by a person identified as Mariah Bingham which says that she is an "agent of National Fire Insurance Company of Hartford; that [she] has limited or no knowledge of the attached policy # -------" (emphasis added). But Ms. Bingham says that after making "inquiry" of records and "the knowledge of other company agents" she believes that what is attached is "a copy of all or a portion of the policy…" This statement of no personal knowledge of the HE policy, combined with hearsay from others, does not authenticate Exhibit A. Ms. Bingham's alleged statement (which is not under oath) contributes nothing to authentication.

## II.  SPECIFIC OBJECTION TO THE ADMISSION OF EXHIBIT A

Plaintiff HE also objects to the Rider Declaration and Exhibit A on the additional grounds that Defendant NFIC improperly seeks to rely on extrinsic evidence outside the pleadings in this case in its Rule 12(c) Motion for Judgment on the Pleadings.

Although Plaintiff HE filed a pleading (the Complaint [ECF 1] together with exhibits that include the NFIC insurance policy for 2015 [ECF 1-6], Defendant NFIC seeks to introduce its Exhibit A which is a different policy form than that which is attached to HE's coverage complaint and which has additional pages that were not delivered to the broker or the insured. Thereby, NFIC seeks to introduce contradictory extrinsic evidence to support its arguments for dismissal of this suit.

Such use of extrinsic evidence is improper in NFIC's motion for judgment on the pleadings. See *Geo Grp., Inc. v. Newsom,* No. 19-CV-2491 JLS (WVG), 2020 U.S. Dist. LEXIS 187261, at *3 n.2 (S.D. Cal. Oct. 8, 2020) ("On … a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court may take into account the Parties' pleadings, any documents physically attached to those pleadings or incorporated by reference therein, and any documents properly subject to judicial notice.") But extrinsic evidence is not normally permitted. *Doe v. El Dorado Union High Sch. Dist., No. 2*:18-cv-02576-JAM-CKD, 2020 U.S. Dist. LEXIS 50044, at *4 (E.D. Cal. Mar. 19, 2020) ("In deciding a motion for judgment on the pleadings, the Court is generally limited to the pleadings and may not consider extrinsic evidence.")

## III.  CONCLUSION

The Court should not consider NFIC's Rider Declaration or Exhibit A in support of its Motion

1  for Judgement on the Pleadings.

2  Dated: October 27, 2020                    **GAUNTLETT & ASSOCIATES**

3

4                                             By:   /s/ James A. Lowe
                                                    David A. Gauntlett
5                                                   James A. Lowe

6                                             Attorneys for Plaintiff,
                                              Hurricane Electric, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

268012_1.docx-10/27/2020